[Commonwealth *v.* Delany et al.]

Grant
1g     224
38SC   158

# Commonwealth *versus* Delany et al.

1. The offence of conspiracy to commit a misdemeanor, is not merged in the commission of the offence : *Semble aliter*, if the crime is felony.

ERROR to the Court of Quarter Sessions of *Erie county*.

This was an indictment against defendants, Delany and Fuller, charging that they did "falsely, unlawfully, and wickedly conspire, confederate, and agree among themselves, to deceive and defraud, and to cause to be deceived and defrauded, divers of the citizens of the Commonwealth of Pennsylvania, of great sums of money, by means of false pretences, and false, illegal, and unauthorized paper writings, in the form and similitude of bank notes, which said paper writings were of no value," and were "false, forged, and counterfeited ; and that according to, and in pursuance of said conspiracy, combination, confederacy, and agreement among themselves, had as aforesaid, the said Baxter Fuller afterwards did fraudulently, unlawfully, and deceitfully offer and pay to one Elisha Nason, for the purpose of deceiving and defrauding him, the said Elisha Nason, for and as a good, genuine, and lawful bank note, one of the aforesaid false, illegal, and unauthorized paper writings, in the form and similitude of a bank note."

The indictment further charged, that Fuller obtained goods by fraud and false pretences, to the amount of the forged note.

Defendants moved the court to quash the indictment: for that "if the facts alleged in said indictment were true, the defendants would be guilty of the crime of uttering and passing counterfeit money ; consequently, the lesser (the agreement) would be merged in the greater offence, the passing of the counterfeit money."

Upon hearing, the court, GALBRAITH, P., quashed the indictment, which is the error complained of here.

*Woodruff*, District Attorney, for plaintiff in error, contended that where the conspiracy is to commit a misdemeanor only, and the conspiracy is accomplished, the conspiracy is not merged in the other offence. The conspiracy does not merge, though the overt act be consummated. *Com.* v. *M'Gowan*, 2 Parsons, 241; 1 Whart. Dig., 6th ed. 502, sec. 471; *Collins* v. *Com.*, 3 S. & R. 220; *Com.* v. *Eberle*, 3 S. & R. 9; *Com.* v. *Demain*, 6 Pa. L. J. 29; *Twichell* v. *Com.*, 9 Barr, 211; Wharton's Prec. Indict. 334, and cases there cited; Ib. 343, note (*h*).

This indictment does not set forth an overt act, except on the part of one of the conspirators; and certainly the other defend-

[Commonwealth *v.* Delany et al.]

ant, who perchance took no part in the particular overt act described, ought not to escape from the consequences of his illegal conspiracy, on account of the subsequent act of his fellow conspirator.

The second count does not allege an overt act of "uttering and passing counterfeit money," but of obtaining goods under false pretences, in pursuance of the conspiracy alleged in the former part of the count. Such indictments have been uniformly sustained. Whar. Prec. Ind. 334–336; *People* v. *Barrett & Ward*, 1 Johns. R. 66; *Com.* v. *Ward*, 1 Mass. R. 473.

The courts ought not to quash an indictment, and permit offenders to escape, except in a very clear case. Roscoe's Criminal Evidence, 3d Amer. from 3d Lond. ed. 233; *Com.* v. *Cleaver et al.*, 4 Yeates, 69.

*Thompson*, for defendant in error.

The opinion of the court was delivered October 22, 1855, by

LEWIS, C. J.—The indictment was quashed, because in the opinion of the Court of Quarter Sessions, the offence of conspiracy was merged in the consummation of the overt act set forth. This may be the law in a case where the act accomplished is a felony. Even in that case, however, there is reason to believe that the averments of the conspiracy may be disregarded as surplusage, and the defendant put upon trial for the consummated crime set forth. *King* v. *R.*, 7 A. & E. 806. But the passing of a counterfeit note of the bank of another State, is not a felony in this; it is only a misdemeanor; and in such cases it is the constant practice, in indictments for conspiracy, to set forth the overt acts. When they do not amount to a crime of a higher grade than conspiracy, there is no technical merger. *Commonwealth* v. *Eberle*, 3 S. & R. 9; *Collins* v. *Commonwealth*, 3 S. & R. 220; *Commonwealth* v. *Hartman*, 5 Barr, 60; Wharton's Prec. Indict. 334; *The People* v. *Mathus*, 4 Wendell, 265. The case last cited grew out of an occurrence which agitated the whole country, and attracted the attention of the enlightened world. The questions of law were well considered by a distinguished jurist, whose great ability commands the most unqualified respect of all well informed men. In that case the point now under consideration was decided in conformity to the rule already stated.

Judgment reversed, and record remitted for further proceedings on the indictment according to law.