## Commonwealth *v.* Dunmire.

*Criminal law—Assault and battery—Aggravated assault and battery.*

1. An information charging that the defendant did "beat, wound and ill treat the prosecutor," and an indictment based thereon, charging that the defendant did commit an assault on the prosecutor, and "did strike, beat and ill treat," him does not charge an aggravated assault within the meaning of sec. 98 of the Act of March 31, 1860, P. L. 382. In such a case the use of the word "wound" does not of itself raise the offense charged to the grade of aggravated assault and battery, and it may be treated and rejected as surplusage. In order to support a conviction for aggravated assault, there must be an act upon which aggravation supervenes and with which it is in some way connected.

2. Under the local Acts of May 1, 1861, P. L. 682, April 11, 1868, P. L. 859, and April 10, 1873, P. L. 699, relating to Clarion county, where a person is indicted for an assault based upon an information charging beating and wounding, and the defendant is convicted in the quarter sessions of assault and battery, the prosecutor may not be sentenced to pay the costs of the prosecutor and other witnesses for the commonwealth.

Argued May 6, 1908. Appeal, No. 211, April T., 1908, by E. R. Groves, from judgment of Q. S. Clarion Co., Dec. T., 1907, No. 5, on verdict of guilty of assault and battery in case of Commonwealth v. Sarah Dunmire. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Indictment for assault and battery.

The opinion of the Superior Court states the case.

*Error assigned* was the sentence imposing the costs upon the prosecutor.

*George F. Whitmer,* with him *G. G. Sloan,* for appellant.—The word "wound" in the information and the common-law indict-

ment for assault and battery is associated with the words "beat" and "illtreat," which means a hurt by violence of some kind, and the word "wound" is then used in its popular sense: State v. Owen, 5 No. Car. 452; State v. Patza, 3 La. Ann. 512.

No appearance nor paper-book for appellee.

OPINION BY ORLADY, J., February 26, 1909:

The information under which the defendant was arrested, charged that on two days named therein she did "beat, wound and illtreat, and other wrongs to him then and there did." The indictment which contains but one count, charges that the defendant "did commit an assault and him, the said E. R. Groves, did strike, beat and illtreat and other wrongs to him, the said E. R. Groves, then and there did."

The case was disposed of under local acts of assembly. By the Act of May 1, 1861, P. L. 682, it is provided that justices of the peace in Erie and Union counties are authorized to hold monthly courts, with jurisdiction to hear and determine, in the manner therein set out, the several offenses and misdemeanors mentioned in a number of the sections of the Act of March 31, 1860, P. L. 382, amongst which is the ninety-seventh section providing for the sentence to be imposed on any person convicted of assault and battery or of an assault. The provisions of the act were subsequently extended to the county of Clarion by the Act of April 10, 1873, P. L. 699.

The defendant entered into recognizance after her arrest, for her appearance at the next court of quarter sessions, where after a trial and conviction she was sentenced to pay a fine of $25.00 and costs of prosecution, and the prosecutor was sentenced to pay the costs of the prosecutor and other witnesses for the commonwealth, to give security, etc.

The Act of April 11, 1868, P. L. 859, supplementary to the act of May 1, 1861, provides: "If the prosecutor in any criminal proceeding before a justice of the peace shall, in the information made before the justice charge the defendant with any crime or misdemeanor not triable before a justice and a jury of six under the provisions of said act, and the defendant shall be required

to answer the charge in the court of quarter sessions of the county, and shall there be convicted only of an offense triable before a justice of the peace and a jury of six, the defendant shall not be liable to pay the costs of the prosecutor or other witnesses for the commonwealth, but the same shall be paid by the prosecutor in all cases of conviction after the passage of this act, and he shall be sentenced by the court to pay the same: Provided, that if the president judge of the court trying the cause shall certify that the prosecutor had good cause to believe at the time he made the information that an offense not triable before a justice and a jury of six had been committed by the defendant or defendants as alleged in the information, then and in that case the prosecutor shall have his costs taxed and paid as if this act had not been passed."

It is urged by the prosecutor that because the information charged that the defendant did beat, wound and illtreat him, the indictment should have been framed and the conviction should have been had under the ninety-eighth section of the penal code, which defines an aggravated assault. The definition of this higher offense is so clearly set out in the statute, that its meaning cannot be misunderstood, viz.: "If any person shall unlawfully and maliciously inflict upon another person, either with or without any weapon or instrument, any greivous bodily harm or unlawfully cut, stab or wound any other person, every such person shall be guilty of a misdemeanor," etc.

Neither in the information nor in the indictment is there set out an offense of the gravity of the one mentioned in the ninety-eighth section, and over an offense as therein defined, the justice's court and jury of six did not have jurisdiction. The use of the word "wound" did not of itself raise the offense charged to the grade of aggravated assault and battery and may be treated and rejected as surplusage.

An essential description and obligation cannot of course be rejected as surplusage, but the word "wound" was not necessary to the definition of assault and battery, nor would it of itself, in its relation to the other words used, change the offense to one of another grade, and particularly to that of aggravated assault. The question of merger does not arise, for the reason

that the offenses defined as assault, assault and battery and aggravated assault are each a misdemeanor: Commonwealth v. Delany, 1 Grant, 224; Scott v. Commonwealth, 6 Sergeant & Rawle, 224; Hartmann v. Commonwealth, 5 Pa. 60; 12 Cyc. 133.

In order to support a conviction for aggravated assault there must be an act upon which aggravation supervenes, and with which it is in some way connected: 3 Cyc. 1026. The purpose of this special legislation was to expedite the disposition of petty cases and to prevent delay and costs, and in the furtherance of this it has resulted in great good. In this particular case, after a full consideration by the court, it was decided to be a case (assault and battery) properly triable before a jury of six, and in this we concur. The information does not charge that the defendant did unlawfully wound the prosecutor.

The president judge refused to certify that the prosecutor had good cause to believe at the time he made the information, that an offense not triable before a justice and a jury of six had been committed, and imposed the costs "of the prosecutor and other witnesses for the commonwealth" on the prosecutor.

The defendant did not "signify her determination to be tried by a jury of six, before the justice," and is not complaining of her conviction in the court. This appeal is by the prosecutor, and the provision in the act giving the defendant the right to be tried by a jury of six, before the justice, does not apply to or affect him.

The assignment of error is sustained, and the judgment of the court below is reversed and the appellant is discharged.