Commonwealth *v.* Beasley, Appellant.

Submitted March 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Thomas E. Harting,* for appellant.

*Michael H. Ranck,* Assistant District Attorney, and *D. Richard Eckman,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., June 21, 1974:

Appellant was tried before the Honorable Anthony R. APPEL and a jury on two counts of sodomy, assault and battery, assault with intent to maim, assault with intent to ravish, and burglary. The jury returned verdicts of guilty on all charges. From the sentences imposed thereon, this appeal was taken.

The Commonwealth witnesses testified that on the evening of June 30, 1972, Connie Kuhn and Joseph Smith were lying in bed together in Mrs. Kuhn's home in Lancaster, Pennsylvania. A Negro male entered the dwelling and climbed the stairs. The victims first saw the intruder as he stood in the well lighted hallway adjacent to the bedroom. He then entered carrying a steak knife in each hand. The intruder assaulted the couple and forced each of them to perform sodomy with him. At the first opportunity, Mrs. Kuhn dove through her bedroom window and summoned her neighbors. The assailant then fled.

On the morning of July 1, 1972, the police showed the victims a display of approximately 40 photographs from which both picked appellant's photograph as depicting their assailant. On the basis of this information, appellant was arrested on the following day.

The only issue raised on this appeal is whether the failure to provide appellant with an attorney when the victims made the photo identification tainted the subsequent identifications made by the victims at trial.[1] However, appellant neither moved to suppress the identifications, nor objected to their admission at trial. Under the circumstances, appellant cannot raise this issue on appeal. Pa. R. Crim. P. No. 323(b) ;[2] *Commonwealth v. Williams*, 443 Pa. 85, 90, 277 A. 2d 781 (1971).

Judgment of sentence is affirmed.

---

[1] It is clear that appellant was not entitled to counsel at the pre-arrest investigative photographic identification. *Commonwealth v. Smith*, 454 Pa. 515, 519, 314 A. 2d 224 (1973). Appellant has not, moreover, argued that the photographic identification procedure employed was unnecessarily suggestive.

[2] Rule 323(b) provides: "Unless the opportunity did not previously exist, or the interests of justice otherwise require, such application [to suppress unconstitutionally obtained evidence] shall be made only after a case has been returned to court and not later than ten days before the beginning of the trial session in which the case is listed for trial, except that in any judicial district having continuous trial sessions said application shall be filed not later than ten days before the case is listed for trial. *If timely application is not made hereunder, the issue of the admissibility of such evidence shall be deemed to be waived.*" (Emphasis added).