Commonwealth *v.* Williams, Appellant.

Submitted June 14, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Anne F. Johnson* and *John W. Packel,* Assistant Defenders, and *Vincent J. Ziccardi,* Defender, for appellant.

*James T. Ranney, David Richman,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 23, 1974:

This is an appeal from a judgment of sentence for aggravated robbery and burglary of a motor vehicle. Appellant's only contention is that the trial judge erred in receiving into evidence a document seized from his wife's purse.

At a suppression hearing, appellant's wife, who was represented by her own attorney, moved to suppress a forged motor vehicle certificate of title seized from her purse when police officers were executing an arrest warrant on the appellant. The appellant moved to suppress other physical evidence, excluding the certificate, seized from him at that time. At the conclusion of the hearing the trial judge granted the wife's motion, holding that her arrest was illegal, but denied appellant's motion.

At trial the Commonwealth introduced the document to establish a connection between car keys and a set of army dog tags dropped during the course of the robbery. The keys fit the automobile described in the

transfer certificate. Defense counsel objected for two reasons: first, that the use of the evidence would violate the marital privilege because the document was given to the police by appellant's wife; and, second, that the evidence was irrelevant as no positive connection between appellant and the document was established. The objection was overruled and the document introduced into evidence.

Appellant advances neither of these reasons on appeal. Rather, he now contends that since the hearing judge found his wife's arrest to be without probable cause and, on her motion, suppressed all evidence seized from her, the same evidence should not have been introduced against him. Appellant argues that since the document was clearly his own property which he had entrusted to his wife, he had a sufficient proprietary interest in it to possess standing to object to its seizure from the wife's handbag.

Appellant did not move to suppress this evidence prior to trial. The issue of the admissibility of this evidence must, therefore, be deemed to have been waived. Pa. R. Crim. P. 323(b); *Commonwealth v. Beasley*, 229 Pa. Superior Ct. 180, 323 A. 2d 840 (1974). Moreover, appellant never objected to the admission of the document for the reason he now advances, and "[i]t has long been the rule in this state that where the introduction of evidence is objected to at trial for a specific reason, other reasons are waived and may not be asserted post-trial for the first time. *Commonwealth v. Budd*, 443 Pa. 193, 195, 278 A. 2d 879 (1971). For the foregoing reasons, we hold that the issue now sought to be raised has been waived.

Judgment of sentence affirmed.