## Commonwealth *v.* Belcher, Appellant.

Argued December 5, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, and SPAETH, JJ. (VAN DER VOORT, J., absent).

*Hugh C. Clark,* for appellant.

*Harry M. Spaeth,* with him *Rosalyn K. Robinson, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., March 31, 1975:

Appellant contends that the lower court erred in holding that receiving a stolen automobile is a felony of the third degree[1] under the new Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, §1, effective June 6, 1973, as amended; 18 Pa. C.S. §§3903, 3925.

Richard M. Seneca testified that in the first or second week of January, 1974, he parked his 1972 Corvette on a street in Bristol. When he returned, he found that his car was gone. On February 7, 1974, a police officer observed appellant driving the Corvette with an expired inspection sticker. The officer followed the car until appellant parked it and got out. The officer then asked appellant for his

---

1. The Crimes Code provides that "[a] crime is a felony of the third degree if it is so designated in this title or if a person convicted thereof may be sentenced to a term of imprisonment, the maximum of which is not more than seven years." §106(b)(4). A felony of the third degree, under the Code, carries a maximum prison sentence of seven years and a maximum fine of $15,000 or double the pecuniary gain derived by the offender, whichever is greater. §1101(2) and (7), §1103(3).

driver's license and owner's card; appellant could produce neither. A serial number check with the National Crime Information Center indicated that the car had been stolen; appellant was then arrested.

Appellant was indicted on March 11, 1974, on charges of receiving stolen property and unauthorized use of an automobile, Crimes Code, §§3925 and 3928. On May 7, 1974, appellant was found guilty of both charges by Judge Alex BONAVITACOLA of the Common Pleas Court. Appellant was sentenced to two to eleven months of imprisonment on the charge of receiving stolen property and one year of probation on the charge of unauthorized use of an automobile, the two sentences to run consecutively. Posttrial motions were denied. This appeal followed.

Appellant's sole contention on appeal is that under the Crimes Code, §3925, the crime of receiving stolen property, where that property is an automobile, does not amount to a felony of the third degree unless it is proven that the defendant is in the business of buying or selling stolen property. Appellant contends that the receiving stolen property charge amounted at most to a misdemeanor of the first degree, Crimes Code, §3903(b), carrying a maximum prison sentence of five years, Crimes Code, §1104(1), and that therefore his case should have been tried originally in the Municipal Court, rather than in the Common Pleas Court under Rule 6001, Pa. R.Crim.P.[2]

Under the new Crimes Code, various forms of the unlawful taking of property, which were formerly denominated separate crimes, are consolidated into the crime of theft, §3902. These include theft by unlawful taking or disposition, §3921; theft by deception, §3922; theft by extortion, §3923; theft of property lost, mislaid,

---

2. As appellant was sentenced to no more than eleven months of imprisonment on the receiving stolen property charge, his sentence would not be excessive under either interpretation of the statute.

or delivered by mistake, §3924; theft of services, §3926; theft by failure to make required disposition of funds received, §3927; and theft of unpublished dramas and musical compositions, §3931; as well as receiving stolen property, §3925. Under the Crimes Code, §3925, "[a] person is *guilty of theft* if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner." (Emphasis supplied). Once it has been determined that a defendant has committed a theft of any kind, the grade of that offense is determined by §3903 of the Crimes Code, which provides that "[t]heft constitutes a felony of the third degree if the amount involved exceeds $2,000, *or* if the property stolen is a firearm, *automobile,* airplane, motorcycle, motorboat or other motor-propelled vehicle, *or* in the case of theft by receiving stolen property, if the receiver is in the business of buying or selling stolen property." Crimes Code, §3903(a). (Emphasis supplied.)

Appellant contends that this section should be construed so as to require that a defendant who is charged with receiving stolen property cannot be found guilty of a felony of the third degree, no matter what the nature of the property, unless it is proved that he is in the business of buying or selling stolen property—in other words, that the first and second clauses of this section have no application to cases of theft by receiving stolen property. For several reasons, we must reject this contention.

First, our Supreme Court has held that the word "or", occurring in a statute, must be given its ordinary meaning unless such a construction would give a result which is absurd, impossible of execution, highly unreasonable, or tending to nullify the legislative intent. *Commonwealth ex rel. Specter v. Vignola,* 446 Pa. 1, 285 A. 2d 869 (1971); *Garratt v. Philadelphia,* 387 Pa. 442, 127 A. 2d 738 (1956). Thus, if the words of a statute indicate that the statute applies if A is true *or* B is true *or* C

is true, and it is proven only that B is true, then the statute will apply. *Garratt v. Philadelphia,* supra. Here, it was proven that the property stolen was an automobile. Therefore, the second clause of §3903 (a) was met. As the three clauses are joined by the word "or", and one of the clauses has been complied with, it is apparent that §3903 (a) as a whole has been complied with, and appellant's offense was a third degree felony.[3]

Second, it has long been the policy of our legislature that receiving stolen property should carry the same maximum prison sentence as larceny, whether or not the receiver was a professional "fence." Act of June 24, 1939, P.L. 872, §807, former 18 P.S. §4807, repealed by the Act of December 6, 1972, P.L. 1482, No. 334, §5 (a), effective June 6, 1973 (five years maximum for larceny) ; Act of June 24, 1939, supra, §817, as amended, May 21, 1943, P.L. 306, §1, former 18 P.S. §4817, repealed by the Act of December 6, 1972, supra, §5 (a) (five years maximum for receiving stolen property). It would be illogical to construe the new Crimes Code, which has as its aim the removal of all artificial distinctions between different forms of theft (including receiving stolen property), as introducing a distinction in grade of offense between receivers and other thieves which did not even exist under the old statutes.

Finally, if appellant's contention were true, then receiving stolen property would be the only form of theft which would not be graded a felony of the third degree if the amount involved was over $2,000 or if the stolen property was a motor vehicle, gun, or other enumerated object. We cannot believe that this lenient treatment of one form of theft was the legislature's intent.[4]

---

3. The Crimes Code itself, §105, provides that, where the language of its provisions is unambiguous, they "shall be construed according to the fair import of their terms. . . ."

4. The legislature has decided that various crimes which resemble theft are not to be treated as theft, even under the new

Thus appellant was charged with, and convicted of, receiving a stolen automobile. This offense was a felony of the third degree, and therefore carried a maximum sentence of seven years imprisonment. Crimes Code, §1103(3). As the Common Pleas Court, rather than the Municipal Court, has at all times relevant to this case been the appropriate forum for a trial on a charge carrying a maximum sentence greater than five years, appellant's contention that he should have been tried originally in the Municipal Court is without merit. See Rule 6001, Pa. R.Crim.P., and *Commonwealth v. Williams,* 230 Pa. Superior Ct. 259, 326 A. 2d 420 (1974).[5]

Judgment of sentence affirmed.

---

Crimes Code, and has therefore provided separate provisions for each crime on the grading of offenses. See, e.g., §3928 (unauthorized use of automobiles or other vehicles), §3929 (retail theft), and §3930 (theft of trade secrets). The legislature has specifically refused to treat receiving stolen property as a separate crime. §3925.

5. Although the charge of unauthorized use of an automobile, Crimes Code, §3928, was only a misdemeanor of the second degree, and therefore carried a maximum prison term of only two years, Crimes Code, §1104(2), the two charges apparently arose out of the same criminal episode, and therefore had to be tried together under the doctrine of *Commonwealth v. Campana,* 452 Pa. 233, 304 A. 2d 432 (1973), 414 U. S. 808 (1973), 455 Pa. 622, 314 A. 2d 854 (1974). See also Crimes Code, §110. As the Municipal Court lacked jurisdiction over the receiving stolen property charge, such a trial could only take place in the Common Pleas Court. See the Act of October 17, 1969, P.L. 259, §18, as amended July 14, 1971, P.L. 224, No. 45, §1, 17 P.S. §711.18, and Rule 6001, Pa. R.Crim. P.