## Dick's Estate.

*Taxation — Inheritance tax — Jurisdiction of orphans' court — Trusts and trustees—Trust created by deed—Act of July 11, 1917, P. L. 832.*

Where a trust created by deed five years before the settlor's death provided for payment of income to settlor and others until a time stated, with power in the settlor and trustee to revoke by joint action, and the settlor dies before the time specified, without revoking the trust, the question whether an inheritance tax should or should not be assessed, under the Act of July 11, 1917, P. L. 832, against the settlor's executor, who has never received the fund, cannot be passed upon on appeal to the Supreme Court until the trustee, who was not a party in the court below, has been afforded an opportunity to be heard, and the question of the jurisdiction of the orphans' court has been presented to and determined by the tribunal, and the record will be remitted for that purpose.

Argued February 1, 1922. Appeal, No. 206, Jan. T., 1922, by Commonwealth, from decree of O. C. Phila. Co., Oct. T., 1920, No. 1036, setting aside appraisement for direct inheritance tax, in estate of Myra M. Dick, de-

ceased.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.   Record remitted.

Appeal from register of wills' appraisement of estate for direct inheritance tax.

The opinion of the Supreme Court states the facts.

Appeal sustained and appraisement set aside in an opinion by HENDERSON, J., and exceptions thereto dismissed in an opinion by GUMMEY, J.: see 30 Pa. Dist. R. 839.   Commonwealth appealed.

*Error assigned,* among others, was decree, quoting it.

*George Ross Hull,* Deputy Attorney General, and *Chas. S. Schofield,* with them *George E. Alter,* Attorney General, for appellant.

*Reynolds D. Brown,* for appellee.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, February 6, 1922:

This is an appeal by the Commonwealth from a decree of the Orphans' Court of Philadelphia County setting aside an appraisement of the register of wills, who assessed a direct inheritance tax against the executor of Myra M. Dick, deceased, on the corpus of a certain fund created by a trust deed, executed and delivered by her during the year 1913, wherein she conveyed the fund in question to a trustee to pay the income to the settlor and others for life, and, at a set time, to distribute the principal as provided in the deed, it being further provided that the trust might be "revoked, annulled, modified or altered" by the joint action of the settlor and trustee; no such change took place, however, and, when Mrs. Dick died and the time for distribution of principal arrived, the trust still subsisted in the form originally made.

The main points argued before us relate to the view taken by the court below of the deed of trust and the Direct Inheritance Tax Act of July 11, 1917, P. L. 832. The construction adopted relieved the fund in controversy from tax, as property which, when the deed of trust was executed, had passed to and vested in others than the settlor; but, after replying to appellant's arguments on these points, counsel for appellee makes a new and important suggestion. He states: "Even if the law impressed a tax on the subject-matter of the deed of trust in the hands of the trustee, it ought not to be taxed in the hands of the executor, who not only has not the trust estate, but, as it happens, has no other estate sufficient to pay the tax,—all that he has done is to report the existence of the trust fund to the register; if anyone is liable for this tax, it is the trustee, who ought to be brought before the proper court and made to pay it out of funds in his hands." This raises a controlling question of jurisdiction.

As before stated, the property in controversy was put in trust by Mrs. Dick in 1913; she did not die until 1918, and no part of the fund has come into the hands of her executor, nor has he laid claim thereto,—it is held under the deed of trust by the custodian named therein.

The Act of 1917 provides for a succession tax on property taken by husbands, wives and lineal descendants of a decedent,—in other words, a tax upon direct, as distinguished from collateral, inheritances. Provision is made for the appointment of appraisers by the register of wills, for the making of appraisements, and, by section 6, that "Any person not satisfied with any appraisement may appeal, within thirty days to the orphans' court, on paying or giving security to pay all costs, together with whatever tax shall be fixed by the court. Upon such appeal the court may determine all questions of valuation and of the liability of the appraised estate for such tax, subject to the right of appeal to the Supreme or Superior Court."

In the present case, neither the trustee (who holds the legal title), nor the fund itself, nor any person possessed of a legal or equitable interest therein, was before the court below; and, as already stated, it is suggested by appellee that, under these circumstances, the trial tribunal lacked jurisdiction in the premises. Whether this contention is sound and the Commonwealth's claim must be made against the custodian of the fund, in a forum with jurisdiction over it and him, are matters which should be decided primarily by the court below, after affording the person who holds legal title to the property in controversy an opportunity to appear,—if he chooses, or properly can be compelled to do so, in the present proceeding,—and be heard, first, on the question of jurisdiction (considering particularly the above-quoted section of the Act of 1917, and the fact that the trustee did not avail himself thereof), and, next, on the substantive points involved in the case. If the point of jurisdiction is well taken, and if it be decided that a lack of jurisdiction over the subject-matter of the controversy is involved, the parties could not, even by consent, confer jurisdiction on the court below, nor upon us on appeal from that tribunal.

We express no view at this time on the many interesting questions of law discussed in the opinions of the orphans' court, and so well presented to us by able counsel engaged in this appeal; the determination of these matters must await the proceedings before suggested in order to afford the trustee in control of the fund an opportunity to be heard, and so that the court below may pass upon the additional question of jurisdiction, after it has had the benefit of argument on that important point.

For the reasons stated, the record is returned to the court below for further proceedings as above outlined.