# Commonwealth v. Corcoran & Corcoran, Appellants.

*Criminal law—Charge of the court—Question on appeal.*

On an appeal from the conviction of defendants, indicted for conspiracy to steal automobiles, where a part of the charge of the court is assigned as error, the charge must be considered as a whole, and not by portions taken from the context.

The Superior Court will not sustain an assignment of error directed against a part of the charge of the court, where the whole effect of the charge is correct, and resulted in submission of the entire case to the jury in a proper manner.

*Criminal law—Merger of crimes—Conspiracy to steal—Larceny —Twice in jeopardy.*

Conspiracy to steal is a distinct offense, which is not merged in the crime of larceny, if the evidence presents a case of larceny.

Defendants, tried upon an indictment charging a conspiracy to steal automobiles, are not entitled to have a verdict in their favor, on the ground that the evidence showed them to have been guilty of larceny, and that conviction for the conspiracy might subject them to being put in jeopardy again for the same offense.

Submitted October 26, 1921. Appeals, Nos. 175 and 176, by defendants, from judgments of Q. S. Phila. Co., Nov. Sessions, 1920, No. 808, on verdict of guilty, in the case of Commonwealth of Pennsylvania v. Charles E. Corcoran and Michael M. Corcoran. Before ORLADY,

P. J., Porter, Henderson, Head, Trexler, Keller and Linn, JJ. Affirmed.

Indictment for conspiracy to steal. Before Barnett, P. J., 41st Judicial District, specially presiding.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed. Defendants appealed.

*Errors assigned* were a part of the charge, quoting it, and refusal to direct a verdict for defendants.

*Edward A. Kelly,* for appellants.—The effect of the charge of the court was to put the burden on the defendants of overcoming the Commonwealth's evidence, and this error entitles the defendants to a reversal: Com. v. Wooley, 259 Pa. 249; Com. v. Deitrick, 221 Pa. 7; Tiffany v. Com., 121 Pa. 165.

Conspiracy to steal is merged in the larceny: Shannon and Nugent v. Com., 14 Pa. 226; Com. v. McGowan, 2 Parsons 341; Com. v. Delany, 1 Grant 224.

*Charles Edwin Fox,* Assistant District Attorney, and with him *Samuel P. Rotan,* District Attorney, for appellee.—The charge must be considered as a whole, and not according to portions isolated from the context: Com. v. Zappe et al., 153 Pa. 498; Com. v. D'Angelo, 29 Pa. Superior Ct. 378; Com. v. McManiman, 27 Pa. Superior Ct. 307.

The conspiracy to steal was not merged in the larceny: State v. Setter, 57 Con. 561; Regina v. Button, 11 Q. B. 929.

Opinion by Trexler, J., March 3, 1922:

The defendants were convicted upon indictments charging them with conspiracy to steal a number of automobiles. The first assignment is directed to an alleged

error by the court in charging the jury as follows: "How far the testimony on the part of the Commonwealth may tend to convince you of the guilt of these defendants of the charges contained in the bill of indictment, or any of them, is for you to say.   How far the denials on the part of these defendants may tend to meet, explain, or otherwise overcome, the testimony of witnesses on the part of the Commonwealth, tending to incriminate these defendants, is likewise for you to say."   Standing alone this statement of the court may be open to criticism, but a careful reading of the entire charge, clearly shows that the learned trial judge submitted the case to the jury in a proper manner.   The sentences above quoted are followed by the statement: "Under all of the evidence in this case you are to say whether the defendants are innocent or guilty of the charges, remembering at all times that it is the duty of the Commonwealth, in pursuance of its burden, not only to prove the guilt of the defendants, but to prove the guilt beyond a reasonable doubt."   Then follows a definition of reasonable doubt concerning which there can be no criticism and after that the court states, "If the evidence does not satisfy you, and satisfy you beyond a reasonable doubt of the guilt of these defendants, they should be acquitted; but if it does satisfy you of their guilt beyond such a reasonable and conscientious doubt, then it is your duty, under your oaths, to convict."   We do not agree with the counsel for the appellants that the sentences first above quoted, read in connection with the other part of the charge, placed any additional burden upon the appellant or indicated to the jury that the burden had shifted to the defendants.   It was, in effect, merely a statement that the jury should weigh the testimony an expression frequently employed by trial judges in charging juries.   The charge of the trial court must be considered as a whole not as to portions of it taken from the context.   This proposition needs no citation of authorities.

The second assignment is to the refusal of the court to direct a verdict for the defendants. The reason urged for this action on the part of the defendants is that there having been evidence in the case that the defendants stole the automobiles in question the conspiracy charge was merged in the greater crime of larceny and their conviction of the crime of conspiracy might subject the defendants hereafter to being again put in jeopardy for the same offense.

It is a universal law that the doctrine of merger does not apply when conspiracy is charged and the crime committed in pursuance thereof is a misdemeanor. There is, however, considerable support of the doctrine that in case of a felony conspiracy is merged. A number of courts, however, have refused to recognize the doctrine and in regard to the matter the text of 12 C. J. 580 reads: "There is considerable conflict of authority as to whether conspiracy to commit a felony is merged in the higher offense, when the object of the conspiracy is accomplished. Decisions, even in the same jurisdiction, are not always harmonious. According to a number of decisions where the felony which is the object of the conspiracy is committed, a conspiracy being a misdemeanor, is merged in the higher offense......Many decisions, however, hold without qualification that a misdemeanor, which is part of a felony, may be punished as a misdemeanor, although the felony has been completed." There are a large number of cases cited in support of and against this rule, among the former, those from our State are Shannon and Nugent v. Com., 14 Pa. 226, and Com. v. Delany, 1 Grant 224. Reference to these two cases gives little support to the rule. In Com. v. Delany, LEWIS, C. J., states referring to such merger: "This may be the law in case where the act accomplished is a felony." Shannon and Nugent v. Com. is authority for the proposition that where the conspiracy i. e. joint action is an essential part of the crime (in that case adultery) there can be no separate indictment for it. In Com. v.

McGowan, 2 Parsons 349, cited by the appellant, we have this remark from the lips of Judge PARSONS: "While this rule (of merger) seems to be received as a universal one, yet I think it will be difficult to find any case in the books of reports where a judge in England has laid it down as a settled axiom of the law in cases of conspiracy. This idea of merger, seems to be deduced from two well established principles of common law, and they are these: first, when a greater and less estate coincide and meet in the same person, the less is immediately merged, that is, sunk in the greater. In the second place when a man commits a greater crime which includes a lesser the latter is merged into the former." "But why it should be applied in cases of conspiracy to commit some offense, where the punishment for the conspiracy is often more severe and infamous than could be inflicted for the felony, seems to my mind rather difficult to settle on sound reason. But as it has become a settled arbitrary rule, it is better to abide by it, than for judges to attempt to disturb its operation."

England has rejected the doctrine as appears in case of Regina v. Button, 11 Q. B. 929. In that case, Lord DENMAN, delivering the judgment of the court, said: "It was further urged for the defendants, that, unless this defense (of merger) was sustained, they might be twice punished for the same offense; but this is not so, the two offenses being different in the eye of the law. If, however, a prosecution for a larceny should occur after a conviction for a conspiracy, it would be the duty of the court to apportion the sentence for the felony with reference to such former conviction." In the leading case of State v. Setter, 57 Conn. 461, it was held, quoting the syllabus, "A conspiracy to commit theft is not merged in the theft when actually committed and may be punished as a distinct offense." Bishop, on Criminal Law, ed. 7, section 814, after discussing the rule that a conspiracy merges into a felony remarks, "The doctrine is contrary to just principle, it has been rejected in Eng-

land and though there may be states where it is binding on the courts, it is not to be deemed general American law.   Wharton's Criminal Law, ed 11th, section 1609, states, "The technical rule that a misdemeanor always sinks in the felony when the two meet, has, in some instances been recognized in this country, though without good reason." Again the learned author (alludes) to this doctrine as recognized in this country and may perhaps be considered a settled law in Massachusetts, New York and Pennsylvania, but with very little substantial reason: United States v. Gardner, 42 Federal Reporter 829.   But the statement that it is a settled law in Pennsylvania is, as noted above, not substantiated by any Supreme Court decision in this State and in Massachusetts, Com. v. Andrews, 132 Mass. 263, is to the contrary.   The Supreme Court of the State of Illinois in the case of Peo. v. Robertson, 210 Ill. A. 234, 120 N. E. 539, states the question clearly.   "A simple transaction may include several independent crimes.   It is certain that the conspiracy to commit a crime does not merge in the crime itself.   The conspiracy is a crime of itself and the offense is complete without the commission of the act for which the conspiracy was formed.   A conspiracy may, or may not precede the commission of the offense but it is not a necessary element or included in it."

Conspiracy is a distinct offense, the overt act does not constitute the crime: Com. v. Bartilson, 85 Pa. 482; Com. v. Junkin et al., 170 Pa. 194; Com. v. McHale et al., 97 Pa. 397; Com. v. Gormley et al., 77 Pa. Superior Ct. 298. The fact that the rule is to be applied to felonies and not to misdemeanors is a distinction without justification. We are constrained to come to the conclusion that the rule which the appellants urge upon the court for its adoption should not be recognized in this State and that the lower court was right in the view it took in the matter.

Both assignments are overruled and the judgment is affirmed and the record remitted to the court below and

it is ordered that the defendant appear in the court below at such time as he may there be called and that he may be by that court committed until he has complied with the sentence or any part of it which had not been performed when the appeal in this case was made a supersedeas.