384 A.2d 935

**COMMONWEALTH of Pennsylvania**

v.

**Eileen L. WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted April 11, 1977.

Decided April 13, 1978.

Bertram B. Leopold, and Leopold & Eberhardt, Altoona, for appellant.

Thomas G. Peoples, Jr., District Attorney, Hollidaysburg, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

Appellant contends that she was improperly charged and convicted of the crime of theft by unlawful taking[1] rather than retail theft[2]. She bases this contention on the theory that the enactment of Section 3929 of the Crimes Code[3] indicates a legislative intent to preclude prosecution under Section 3921[4] for the theft of retail merchandise. We deem this issue waived and, therefore, affirm.

Pennsylvania Rule of Criminal Procedure 304 provides that a defendant may file a pretrial application to quash an indictment to attack a defect therein. In the absence of extraordinary circumstances, indictments containing defects not formal or not apparent on the face of the document should be attacked by pretrial application. The orderly administration of justice requires that the resources expended in conducting trials not be wasted by the post trial assertion of claims of which the defense should be aware prior to trial. *Commonwealth ex rel. Banks v. Myers,* 423 Pa. 124, 128, 222 A.2d 880, 882 (1966). Rule 305[5] mandates that such an application shall be made not less than ten days before trial unless the opportunity did not exist, or the defendant or the defense attorney was not aware of the grounds for the application. Appellant failed to avail her-

1. 18 C.P.S.A. § 3921.

2. 18 C.P.S.A. § 3929.

3. *Id.*

4. 18 C.P.S.A. § 3921.

5. Rules 304 and 305 were amended and renumbered by order of the Supreme Court of Pennsylvania on June 29, 1977, effective January 1, 1978.

self of this procedure and may not now be heard to claim that the indictment was improper. *Commonwealth v. Brown,* 462 Pa. 578, 342 A.2d 84 (1975). *See* Pa.R.Crim.P. 304(e).

Affirmed.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.