409 A.2d 53

**COMMONWEALTH of Pennsylvania**

v.

**Theodore HARRIS, Appellant.**

Superior Court of Pennsylvania.

Submitted April 12, 1979.

Filed Aug. 22, 1979.

42

Michael L. Stibich, Assistant Public Defender, Ebensburg, for appellant.

D. Gerard Long, District Attorney, Ebensburg, for Commonwealth, appellee.

Before PRICE, HESTER and MONTGOMERY, JJ.

PER CURIAM:

Appellant Theodore Harris was convicted by a jury of burglary, theft, and receiving stolen property [1] in connection with a looting incident occurring shortly after the Johnstown flood in July, 1977. Concurrent sentences of two to four years imprisonment were imposed as to each count. This direct appeal followed.

Appellant contends the court erred in 1) failing to grant a defense motion to transcribe testimony from the first trial in this case, which ended in a mistrial; and 2) failing to allow counsel to inspect a police report. We have considered and rejected these identical arguments in an appeal taken by appellant's co-defendant, Wilbert Cooper, *Commonwealth v. Cooper*, 268 Pa.Super. 99, 407 A.2d 456 (Opinion by Montgomery, J., 1979).

We agree, however, with appellant's contention, and the Commonwealth concedes, that the sentences imposed were illegal. 18 Pa.C.S.A. § 3502(d) provides:

(d) Multiple convictions—A person may not be convicted both for burglary and for the offense which it was his intent to commit after the burglarious entry or for an attempt to commit that offense, unless the additional offense constitutes a felony of the first or second degree.

1. Crimes Code, 18 Pa.C.S.A. §§ 3502, 3921, 3925, respectively.

Thus, it is clear that the counts of theft and receiving stolen property should have merged with the count of burglary for sentencing purposes.[2] See, e. g., *Commonwealth v. Price*, 258 Pa.Super. 625, 391 A.2d 696 (1978) (Per Curiam). We therefore vacate the judgments of sentence and remand for resentencing on the burglary count alone. On remand, the court is directed to comply with the Supreme Court's sentencing requirements as set forth in *Commonwealth v. Kostka*, 475 Pa. 85, 379 A.2d 884 (1977); *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977).

It is so ordered.

2. Theft offenses will never rise above a felony of the third degree, 18 Pa.C.S.A. § 3903.