422 A.2d 583

**COMMONWEALTH of Pennsylvania,**

v.

**William Paul BOERNER, a/k/a Joseph R. Smith, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed Oct. 3, 1980.

Petition for Allowance of Appeal Denied March 13, 1981.

508

Ronald F. O'Driscoll, Assistant Public Defender, Lansdale, for appellant.

James A. Cunningham, Assistant District Attorney, Pottstown, for Commonwealth, appellee.

Before PRICE, SPAETH and LIPEZ, JJ.

LIPEZ, Judge:

■ Appellant was convicted in a jury trial of criminal conspiracy, 18 Pa.C.S. § 903, theft by unlawful taking of movable property 18 Pa.C.S. § 3921(a), theft by receiving stolen goods, 18 Pa.C.S. § 3925, and retail theft, 18 Pa.C.S. § 3929. Post–verdict motions were filed and denied. Concurrent sentences of three to six years for theft of movable property and two–and–a–half to five years for retail theft were imposed. The sentence for criminal conspiracy was three to six years, to run consecutive to the other two sentences.[1]

## I.

■ Appellant's first contention is that the evidence was insufficient to support the verdicts. Extensive testimony from two Commonwealth witnesses established that on the afternoon of September 4, 1976 appellant and a companion entered the Bailey, Banks & Biddle store in Bala Cynwyd,

1. The trial judge properly imposed no sentence for receiving stolen goods, since that conviction arose out of the same theft as the conviction for theft by unlawful taking. *Commonwealth v. Simmons*, 233 Pa.Super. 547, 560, 336 A.2d 624, 632 (1975); *see Commonwealth v. Shaffer*, 279 Pa.Super. 18, 27, n.2, 420 A.2d 722, 727, n.2 (1980).

Montgomery County. Appellant looked at several valuable diamond rings for sale, and said that he would be back with a $500 check in order to make a deposit on one. A few hours later, appellant returned with his companion and asked to see a diamond ring which sold for about $12,000. While appellant was holding the ring and examining it, the companion slowly walked to the front door of the store and opened it. Carrying the ring, appellant then suddenly bolted for the door, and both he and his companion fled. The thorough identification testimony from the eyewitnesses was corroborated by expert testimony concerning the handprints appellant had left on the store counter, which had been wiped clean shortly before he and his companion arrived the second time. Viewed in the light most favorable to the Commonwealth as verdict winner, the evidence was clearly sufficient for the jury to infer guilt beyond a reasonable doubt for criminal conspiracy, theft by unlawful taking, and retail theft.[2]

## II.

Appellant also claims he is entitled to discharge because the court below erred in denying his motion to dismiss all charges under Pennsylvania Rule of Criminal Procedure 1100, for failure to commence trial within 180 days of the filing of the complaint. The complaint was filed on September 10, 1976. Trial commenced 279 days later on June 17, 1977. However, Rule 1100(d) provides in pertinent part:

"In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceeding as results from:

(1) the unavailability of the defendant. . . ."

Appellant was still at large when the complaint was filed, and a warrant was issued for his arrest. The Commonwealth is entitled to the unavailability exclusion if it

---

**2.** Since appellant properly received no sentence on the conviction for receiving stolen goods, *see* note 1, *supra*, it is unnecessary to consider the sufficiency of the evidence for this conviction. *Commonwealth v. Nelson*, 452 Pa. 275, 279, 305 A.2d 369, 371 (1973).

establishes by a preponderance of the evidence that police acted with due diligence in executing the arrest warrant. *Commonwealth v. Mitchell,* 472 Pa. 553, 562, 372 A.2d 826, 830 (1977). A warrant was delivered to Philadelphia police on September 15, 1976 and appellant was arrested 135 days later on January 28, 1977. The transcript of the hearing on the motion to dismiss provides overwhelming support for the lower court's conclusion that the Commonwealth proved the police's due diligence, because extensive efforts by the police to locate appellant and serve the warrant were repeatedly frustrated by appellant's use of numerous aliases and addresses of record.[3] Exclusion of this 135-day period alone reduces the time in bringing appellant to trial from 279 days to 144, well within the 180-day limit of Rule 1100(a)(2). Accordingly, the lower court properly denied appellant's motion to dismiss under Rule 1100.[4]

**3.** The proof of due diligence in this case meets the criteria of both the majority ("only reasonable efforts") and the dissenters ("more than reasonable effort"—"devoted and painstaking manner") in *Commonwealth v. Hinton,* 269 Pa.Super. 43, 409 A.2d 54 (1979).

**4.** During the period that appellant was at large, the Commonwealth filed a petition for extension under Rule of Criminal Procedure 1100(c). This petition, containing only a conclusory allegation of due diligence by the Commonwealth, was granted ex parte by the criminal motions judge in the court below. There is no indication in the record that the Commonwealth ever presented any evidence of due diligence when the petition was granted. Appellant is clearly correct in contending that this extension order was invalid, both because the Commonwealth's conclusory allegations failed to sustain its burden of proving due diligency by a preponderance of the evidence, *Commonwealth v. Ehredt,* 485 Pa. 191, 195–96, 401 A.2d 358, 361 (1979), and because extension petitions under Rule 1100(c) may not be granted ex parte. *Commonwealth v. Mizic,* 274 Pa.Super. 331, 333 n.2, 418 A.2d 432, 433, n.2 (1980); *Commonwealth v. Waldon,* 259 Pa.Super. 129, 393 A.2d 751 (1978). The invalidity of the extension order, however, does not help appellant's case. Since there had been no valid extension, when the trial judge on the day of trial conducted the hearing on appellant's petition to dismiss, the Commonwealth could avoid dismissal only by proving that it was entitled to a Rule 1100(d) exclusion. *See Commonwealth v. Mitchell, supra.* This the Commonwealth did. The trial judge made a finding, supported by the record, that the Commonwealth had proved that police officers had exercised due diligence in executing the warrant for appellant's arrest while appellant was still at large. The denial of the petition to dismiss was thus proper, not because the trial judge's finding retro-

## III.

■ Appellant contends that he could not properly be convicted of theft by unlawful taking, receiving stolen goods or conspiracy, and that the trial judge erred in charging the jury that the appellant could be convicted of these crimes. Appellant's argument is that the legislature intended that thefts from retail establishments should be governed solely by the specific provisions on retail theft in 18 Pa.C.S. § 3929. This claim could have been raised, but was not, in a pre–trial motion to quash the informations charging theft by unlawful taking, receiving stolen goods and conspiracy. Therefore the trial judge properly found the claim waived by failure to raise it pre–trial. *Commonwealth v. Williams,* 252 Pa.Super. 587, 384 A.2d 935 (1978).

## IV.

Appellant claims that his being sentenced for retail theft, theft by unlawful taking and criminal conspiracy violated: (A) the rules of statutory construction; and (B) the doctrine of merger and appellant's double jeopardy rights.

## A.

■ Appellant's statutory construction argument is that because the provisions of the retail theft statute are specific, they were intended by the legislature to be the exclusive provisions under which someone committing a theft from a retail establishment could be sentenced. This argument raises, under the rubric of sentencing, precisely the same attack on the validity of the underlying convictions as the claim we previously found waived in part III under *Commonwealth v. Williams, supra,* for failure to raise it in a

actively justified the motion judge's Rule 1100(c) extension order, but because the finding justified a Rule 1100(d) exclusion, which reduced the time in bringing appellant to trial, as calculated under Rule 1100, to less than 180 days. The confusion shared by briefs for both sides on this point evidently stems from the fact that a "due diligence" standard is involved in *extensions* under section (c), as well as *exclusions* under section (d) and *Commonwealth v. Mitchell, supra.*

pre–trial motion to quash the informations charging crimes other than retail theft.[5] Appellant cannot avoid this waiver of a nonjurisdictional issue [6] merely by relabelling it as an attack on the legality of the sentence. *Commonwealth v. Montgomery*, 485 Pa. 110, 115, 401 A.2d 318, 320 (1979).

## B.

Since all of appellant's sentences were for non–capital crimes, there arises the problem, unique to Pennsylvania,[7] of whether the state double jeopardy clause, Pa. Const., art. I, § 10, is applicable. In cases spanning more than a century, our Supreme Court held that the Pennsylvania double jeopardy clause applies only to capital offenses. *E. g., Commonwealth v. Baker*, 413 Pa. 105, 196 A.2d 382 (1964); *Commonwealth v. Simpson*, 310 Pa. 380, 165 A. 498 (1933); *McCreary v. Commonwealth*, 29 Pa. 323 (1857). However, six years ago in *Commonwealth v. Brown*, 455 Pa. 274, 278, 314 A.2d 506, 509 (1974), the Court found a violation of both the federal *and state* double jeopardy clauses in

**5.** Portions of appellant's arguments indicate that he has confused his "more specific offense" claim, with which we have dealt in parts III and IV–A of the text, with his "merger" claim, discussed in part IV–B. Judge Spaeth has written an excellent explanation of this difficult distinction in *Commonwealth v. Brown*, 269 Pa.Super. 150, 156, n.4, 409 A.2d 108, 112, n.4 (1979). *Cf. Busic v. United States*, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980).

**6.** When a court takes action beyond the power conferred on it by law (its jurisdiction), its action is a nullity, and objection to it cannot be waived by the defendant. *Commonwealth v. Hall*, 291 Pa. 341, 354, 140 A. 626, 631 (1928). By holding that a defendant waived a "more specific offense" claim by failure to raise it pre–trial, *Commonwealth v. Williams*, 252 Pa.Super. 587, 384 A.2d 935 (1978) necessarily held such a claim was a nonjurisdictional issue. *See Commonwealth v. Belcher*, 258 Pa.Super. 153, 156, 392 A.2d 730, 731 (1978); *compare Commonwealth v. Longo*, 269 Pa.Super. 502, 410 A.2d 368 (1979) *with id.*, 269 Pa.Super. at 504, 410 A.2d at 370 (concurring opinion of Spaeth, J.)

**7.** *See* Hall, Kamisar, La Fave, Israel, Modern Criminal Procedure (1969) at 1213; *cf. In Memory of* Honorable Horace Stern, Remarks of the Honorable Henry J. Friendly, 434 Pa. at civ (1969); *see also Ex parte Lange*, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873).

a case clearly involving only a non–capital offense.[8] Without referring to *Brown*, the Court three years ago in *Commonwealth v. Sparrow*, 471 Pa. 490, 501–02, n.7., 370 A.2d 712, 718, n.7 (1977), apparently returned to the *McCreary–Simpson–Baker* holding·that Pennsylvania double jeopardy only applied to capital cases. Last year, without referring to *McCreary, Simpson, Baker* or *Sparrow*, the Court in *Commonwealth v. Tome*, 484 Pa. 261, 275, 398 A.2d 1369, 1377 (1979), reached a contrary result by finding a state as well as federal double jeopardy violation with respect to a non–capital offense,[9] relying on *Commonwealth v. Brown, supra.* While these and other cases have produced some confusion,[10] we consider the issue to have been resolved in

8. The non–capital offense involved in *Commonwealth v. Brown*, 455 Pa. 274, 314 A.2d 506, 509 (1974) was pre–Crimes Code second–degree murder, 18 P.S. § 4701 (18 Pa.C.S.App.), which carried a maximum sentence of twenty years imprisonment. The finding of a federal as well as a state double jeopardy violation does not mean the finding of a state violation was a dictum. "Where a decision rests on two or more grounds equally valid, none may be relegated to the inferior status of obiter dictum: *Manley v. Manley*, 193 Pa.Super. 252, 164 A.2d 113 (1960)." *Commonwealth ex rel. Fox v. Swing*, 409 Pa. 241, 245, 186 A.2d 24, 26 (1962).

9. The non–capital offense involved in *Commonwealth v. Tome*, 484 Pa. 261, 398 A.2d 1369 (1979) was second–degree murder under the Crimes Code after the 1974 amendment, 18 Pa.C.S. § 2502(b) (Supp. 1979–80), which carried a mandatory sentence of life imprisonment. 18 Pa.C.S. § 1102(b) (Supp.1979–80).

10. *Commonwealth v. Perry*, 270 Pa.Super. 418, 412, 411 A.2d 786, 789 (1979), for example, relied on the plurality opinion in *Commonwealth v. Henderson*, 482 Pa. 359, 393 A.2d 1146 (1978), as well as the majority opinion in *Commonwealth v. Simpson*, 310 Pa. 380, 165 A. 498 (1933), in finding that Pennsylvania double jeopardy applied to capital cases only. The *Henderson* plurality opinion made no reference to the same author's dissenting opinion the year before in *Commonwealth v. Sparrow*, 471 Pa. 490, 518, n.2, 370 A.2d 712, 726–27, n.2 (1977), in which he termed the view he adopted the following year in *Henderson* "the sheerest of folly." Last year the same author cited both his *Henderson* plurality opinion and *Sparrow* dissent for the proposition that "there has been some dispute as to whether our state extends its protection to non–capital crimes." *Commonwealth v. Klobuchir*, 486 Pa. 241, 253, 405 A.2d 881, 887 (1979) (opinion in support of affirmance; dictum).

The holding in *Commonwealth v. Baker*, 413 Pa. 105, 196 A.2d 382 (1964), that the clause applied only to capital offenses, was also

favor of applying the Pennsylvania double jeopardy clause to both capital and non–capital offenses, under the Court's most recent holdings in *Commonwealth v. Tome, supra,* and *Commonwealth v. Mitchell,* 488 Pa. 75, 78 & n.2, 410 A.2d 1232, 1233 & n.2 (1980). Accordingly we shall consider appellant's sentencing claims under the Pennsylvania double jeopardy clause, as well as merger doctrine and federal double jeopardy.[11]

based on *Commonwealth v. Simpson, supra,* which in turn relied on *McCreary v. Commonwealth,* 29 Pa. 323 (1857). *See also Commonwealth ex rel. Papy v. Maroney,* 417 Pa. 368, 207 A.2d 814 (1965). *McCreary,* however, made no reference to *Dinkey v. Commonwealth,* 17 Pa. 126 (1851), in which the Court found a double jeopardy violation with respect to a non–capital offense, only six years before the contrary holding in *McCreary. Commonwealth v. Veley,* 63 Pa.Super. 489 (1916) appears to interpret *Dinkey* as a reference to federal double jeopardy, but it seems more likely that the *Dinkey* Court meant Pennsylvania double jeopardy, since an application of the fifth amendment of the United States Constitution to a state at that time would clearly have conflicted with the United States Supreme Court's decision in *Barron v. Mayor of Baltimore,* 32 U.S. (7 Pet.) 243, 8 L.Ed. 672 (1833), holding that the Bill of Rights did not restrict state action.

11. Throughout this case, both in this court and the lower court, appellant has used the term "double jeopardy" without specifically referring to either the federal or Pennsylvania double jeopardy clauses. We do not believe, however, that we should refuse to consider the two double jeopardy clauses for lack of sufficient specificity. *Cf. Commonwealth v. Wyant,* 254 Pa.Super. 464, 386 A.2d 43 (1978). Our Supreme Court evidently treats a simple claim of "double jeopardy" as sufficient to raise both the federal and state claims. *Compare Commonwealth v. Tome,* 484 Pa. 261, 271 & 274, 398 A.2d 1369, 1375 & 1376 *with id.* at 275, 398 A.2d at 1377. Moreover, the Court has also held that it is beyond the power of a court to impose multiple sentences on a defendant for a single act. *Commonwealth v. Walker,* 468 Pa. 323, 330, n.3, 362 A.2d 227, 230, n.3 (1976). The sentences in this case thus raised a jurisdictional issue, which is simply another name for a question of whether a court has power to act under a given set of circumstances. *See Commonwealth v. Hall, supra,* note 6. Jurisdictional questions are non–waivable and not only may be raised by the court *sua sponte, Commonwealth v. Molyneaux,* 277 Pa.Super. 264, 266, 419 A.2d 763, 764 (1980), but must be. *Commonwealth v. Dorman,* 272 Pa.Super. 149, 151–152, n.1, 414 A.2d 713, 714, n.1 (1979); *Polascik v. Baldwin,* 245 Pa.Super. 1, 4–5, 369 A.2d 263, 265 (1976); *see Dick's Estate,* 273 Pa. 69, 73, 116 A. 549, 550 (1922) (if lower court lacked jurisdiction, parties could not, even by consent, confer jurisdiction on either the lower court or an appellate court in an appeal from the matter in which the

 . With respect to criminal conspiracy, both appellant's merger and double jeopardy claims must fail. The Crimes Code in no way changed the settled rule that criminal conspiracy does not merge into the completed offense which is the object of the conspiracy. *Commonwealth v.*

lower court lacked jurisdiction); *cf. Pozzuolo Estate,* 433 Pa. 185, 193, 249 A.2d 540, 545 (if lower court lacks jurisdiction, it cannot be conferred either by act of the parties or by act of an appellate court). Thus we cannot refuse to consider either the federal or state double jeopardy clauses for lack of specificity, since the particular issue involved here (imposition of multiple sentences for a single act) is one which we must consider under each clause even if not raised at all.

We recognize that ordinarily a court should not raise issues *sua sponte. ˒ee, e. g., Wiegand v. Wiegand,* 461 Pa. 482, 337 A.2d 256 (1975), *reversing* 226 Pa.Super. 278, 310 A.2d 426 (1973), and we do not imply that *Commonwealth v. Walker, supra,* stands for the proposition that constitutional issues generally, or even all double jeopardy issues or all sentencing issues, are non–waivable. The mere fact that an issue involves a constitutional right does not mean it should be raised *sua sponte, Wiegand v. Wiegand, supra; Commonwealth v. Smith,* 280 Pa.Super. 222, 225, 421 A.2d 693, 694 (1980). Many double jeopardy claims can be waived. *Commonwealth v. White,* 476 Pa. 350, 354, 382 A.2d 1205, 1207 (1978); *Commonwealth v. Bryant,* 461 Pa. 309, 313, 336 A.2d 300, 302 (1975); *see Commonwealth v. Gilman,* 485 Pa. 145, 151, 401 A.2d 335, 338 (1979) (plurality opinion); *Commonwealth v. Lutz,* 483 Pa. 518, 397 A.2d 787 (1979); *see also Abramson v. Public Utility Commission,* 489 Pa. 267, 270, n.5, 414 A.2d 60, 62, n.5 (1980). Many types of sentencing errors are also waivable. *E. g., Commonwealth v. Walls,* 481 Pa. 1, 391 A.2d 1064 (1978). Under *Commonwealth v. Walker, supra,* however, appellant's sentence for both theft and retail theft, when the information charging him with these crimes made out but a single act as the basis for both charges, was an illegal sentence, one which is beyond the power of the court below to impose.

We therefore may and must raise it ourselves, even if it has never been raised either in the lower court or on appeal. *Commonwealth v. Usher,* 246 Pa.Super. 602, 607, 371 A.2d 995, 998 (1977).

Since we determine, *infra,* that appellant's concurrent sentences for both theft and retail theft violated his rights under Pennsylvania merger doctrine, it would not ordinarily be necessary for us to go on to consider whether these sentences also violated the double jeopardy clauses. However, we do not grant appellant all relief which he requests on the merger issue, since he claims that the three to six year sentence for theft by unlawful taking should be vacated, rather than the two–and–a–half to five year sentence for retail theft. Therefore we shall consider the applicability of the double jeopardy clauses in order to determine if they entitle appellant to the greater relief which he seeks. *See Commonwealth v. Golden,* 277 Pa.Super. 180, ——, n.1, 419 A.2d 721, 722, n.1 (1980).

*Miller,* 469 Pa. 24, 28, 364 A.2d 886, 887 (1976). It is also settled that conviction for both conspiracy and the completed offense does not violate the double jeopardy provisions of either the federal or state constitution. *Pinkerton v. United States,* 328 U.S. 640, 643–44, 66 S.Ct. 1180, 1181–1182, 90 L.Ed. 1489 (1946) (Federal double jeopardy); *Commonwealth v. Corcoran,* 78 Pa.Super. 430, 433–36 (1922) (Pennsylvania double jeopardy).[12]

We agree with appellant, however, that he could not receive concurrent sentences for both theft by unlawful taking and retail theft, since both convictions arose out of the single act of theft of the diamond ring.[13] Once proof of the theft by unlawful taking was complete, so was proof of the retail theft, and vice–versa. It is therefore unquestionable that the two crimes merged for sentencing purposes, and appellant could be sentenced for only one.[14] *Commonwealth*

12. We read the reference to "double jeopardy" in *Commonwealth v. Corcoran,* 78 Pa.Super.Ct. 430, 433 (1922) as involving the Pennsylvania double jeopardy clause, since the case occurred forty–seven years before the Supreme Court of the United States for the first time held the federal double jeopardy clause applicable to the states. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). *But cf. Commonwealth v. Veley, supra,* note 10. Even if our reading is incorrect, however, there is no indication that our Supreme Court would apply the state double jeopardy clause to change the long–standing rule under the similarly–worded federal provision, as well as the line of Pennsylvania cases under the merger doctrine, up to *Commonwealth v. Miller,* 469 Pa. 24, 364 A.2d 886 (1976).

13. There is no merit to the Commonwealth's contention that any error was harmless because the sentences were concurrent rather than consecutive. *Commonwealth v. Walker,* 468 Pa. 323, 331, 362 A.2d 227, 230 (1976); *Commonwealth v. Wolfe,* 220 Pa.Super. 415, 420–21, 289 A.2d 153, 155–56 (1972).

14. Appellant's brief includes in its discussion of merger what appears to be a separate argument that section 3902 of the Crimes Code provides an additional basis for concluding that only one sentence be imposed on his theft and retail theft convictions. *Cf. Commonwealth v. Shaffer,* 279 Pa.Super. 18, 27, n.2, 420 A.2d 722, 727, n.2 (1980). Since we already have determined that the merger doctrine requires that one sentence be vacated, it is only necessary to consider appellant's section 3902 claim because we conclude, *infra,* that merger only requires vacation of the shorter sentence, and thus have not granted him the higher degree of relief he seeks, viz., vacation of the longer sentence. *See Commonwealth v. Golden, supra,* note 11. We

*v. Nelson,* 452 Pa. 275, 305 A.2d 369 (1973); *Commonwealth v. Jackson,* 271 Pa.Super. 131, 412 A.2d 610 (1979); *cf. Commonwealth v. Lawton,* 272 Pa.Super. 40, 48–49, 414 A.2d 658, 662–63 (1979); *see also Commonwealth v. Buser,* 277 Pa.Super. 451, 458–460, 419 A.2d 1233, 1236–1238 (1980).

The only question remaining is for which crime appellant could be sentenced. We believe it is clear from *Commonwealth v. Nelson, supra,* that when crimes merge for sentencing purposes, the one for which a defendant may be sentenced is the most serious crime, i. e., the one to which the legislature attached the greatest possible maximum penalty. *See also Commonwealth ex rel. Shaddock v. Ashe,* 340 Pa. 286, 288–89, 17 A.2d 190, 190–91 (1940); *Commonwealth ex rel. Russo v. Ashe,* 293 Pa. 322, 324, 142 A. 317, 318 (1928); *Commonwealth ex rel. Holinko v. Ashe,* 290 Pa. 534, 535, 139 A. 197 (1927). In *Nelson,* the defendant's single act resulted in his conviction of: (1) assault and battery; (2) assault and battery in resisting arrest; and (3) unlawfully resisting an officer in making an arrest. Even though crimes (2) and (3) involved additional elements which would seem to make them worse than crime (1), under the applicable provisions of the 1939 Penal Code, crimes (2) and (3) each had a maximum penalty of one year, while crime (1) had a maximum of two years.[15] The Court therefore held that the defendant could only be sentenced for crime (1), because that was the crime which the legislature had established as the "most serious" by attaching to it the maximum possible

do not, however, have to determine the extent to which section 3902 applies to sentencing because the section is completely inapplicable to retail theft, 18 Pa.C.S. § 3929, which is not "[c]onduct denominated theft" as that term is used in section 3902. "Conduct denominated theft" refers to those sections of chapter 39 which are covered by the uniform grading provisions for "theft" in 18 Pa.C.S. § 3903, not those sections like retail theft, which has its own grading provisions because the legislature has determined it should not be treated as part of the unified offense of "theft". *See Commonwealth v. Belcher,* 233 Pa.Super. 212, 217–18, n.4, 335 A.2d 505, 507, n.4 (1975).

**15.** Under the Crimes Code, we no longer have this anomalous situation. *See* 18 Pa.C.S. §§ 2701, 2702.

penalty. *See Commonwealth v. Brown*, 259 Pa.Super. 502, 504, 393 A.2d 938, 939 (1978).

When the issue is analyzed in terms of double jeopardy, *Commonwelath v. Walker*, 468 Pa. 323, 333–34, 362 A.2d 227, 232 (1976), demonstrates that the same test applies. In *Walker*, the defendant had been convicted of both rape and statutory rape for a single act of intercourse. The Court held that the federal double jeopardy clause required that the defendant could be sentenced for only one crime. That crime was rape, which the legislative scheme had established as more serious than the statutory rape by setting a greater maximum penalty for the rape. That determination is clearly the province of the legislature. *Cf. Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980); *see also Busic v. United States*, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980).[16]

While no case has dealt with this issue under Pennsylvania's double jeopardy clause, we believe the reasoning of *Nelson*, with respect to merger, and *Walker*, regarding federal double jeopardy, applies equally to Pennsylvania double jeopardy. Both the merger doctrine and the federal and state double jeopardy clauses are aimed at preventing the unfairness of punishing a defendant twice for what is essentially the same offense. *See Ex parte Lange*, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1873); *Harman v. Commonwealth*, 12 Pa.S. & R. 68 (1824). This purpose of fairness is fully accomplished by allowing the defendant to be sentenced only

16. *Busic v. United States, supra,* note 5, at 446 U.S. 401, 100 S.Ct. at 1750, 64 L.Ed.2d at 388, held as a matter of federal statutory construction that both prosecution and sentencing under a general enhanced sentencing provision, 18 U.S.C. § 924(c), was forbidden because the underlying felony charged, 18 U.S.C. § 111, had its own specific enhancement of penalty provision, even though the maximum enhancement of penalty under the specific provision was less than the maximum under the general provision. While *Busic* is not binding on us, since it is based solely on construction of the federal statutory scheme, we point out that our holding implies no view on the persuasiveness of its reasoning. This is because the basis for the decision in *Busic* was that the legislative intent was to allow prosecution and sentencing only for the more specific offense, a claim appellant in this case has waived. *See* notes 5 & 6, *supra*, and accompanying text.

for the crime with the greatest maximum penalty.[17] *Harman v. Commonwealth, supra; cf. Commonwealth v. Jones,* 274 Pa.Super. 162, 169, n.2, 418 A.2d 346, 349, n.2 (1980) (dictum).

■ In this case, the theft by unlawful taking was a felony of the third degree with a maximum penalty of seven years, *see* 18 Pa. C.S. §§ 1103, 3903, while the retail theft was a misdemeanor of the first degree, carrying a maximum penalty of five years. *See* 18 Pa.C.S. §§ 1104, 3929(b)(4). We will therefore vacate the judgment of sentence for retail theft. There is no need to remand for resentencing on the

17. The Pennsylvania courts have uniformly applied the same test (i. e., sustaining the sentence for the crime with the highest maximum penalty) in closely analogous situations. One such situation frequently arises under section 3502(d) of the Crimes Code, 18 Pa.C.S. § 3502(d), which provides:

"Multiple convictions.–A person may not be convicted both for burglary and for the offense which it was his intent to commit after the burglarious entry for an attempt to commit that offense, unless the additional offense constitutes a felony of the first or second degree."

A defendant, for example, may not be convicted of both burglary and the theft he intended to commit, since theft under the Crimes Code can rise no higher than a felony of the third degree. 18 Pa.C.S. § 3503. Strictly speaking, this is not "merger," but explicit statutory prohibition, although its operation is so similar that the term merger is frequently applied to it. *E. g., Commonwealth v. Harris*, 269 Pa.Super. 41, 42–43, 409 A.2d 53, 54 (1979); *Commonwealth v. Price*, 258 Pa.Super. 625, 391 A.2d 696 (1978).

In a situation in which a defendant has been convicted of both burglary and the theft he intended to commit, the same question is presented as in this case, because the statute does not say whether it is the burglary or the intended crime for which the defendant can be punished. But it is self–evident that the legislature could not have intended that a defendant convicted of the first–degree felony of burglary would have his maximum possible punishment of 20 years imprisonment reduced to five years by the fact that he was also convicted for theft, when he could be sentenced up to the full twenty years if he had been convicted of the burglary alone. Therefore when the problem arises in this court, the judgment of sentence for burglary is routinely sustained and the other vacated. *Commonwealth v. Harris, supra; Commonwealth v. Price, supra; Commonwealth v. Simmons*, 233 Pa.Super. 547, 561, 336 A.2d 624, 632 (1975); *compare Commonwealth v. Black*, 267 Pa.Super. 598, 602, 407 A.2d 403, 405 (1979) *with id.* at 603, 407 A.2d at 406 (dissenting opinion of Price, J.); *see also Commonwealth v. Wilks*, 250 Pa.Super. 182, 190, 378 A.2d 887, 891 (1977) (burglary and assault).

other convictions, since it is clear from the sentencing transcript that the trial judge was not influenced by the retail theft conviction in imposing the other sentences. *Commonwealth v. Jellots,* 277 Pa.Super. 358, 362, 419 A.2d 1184, 1186 (1980).

Judgments of sentence for theft by unlawful taking and criminal conspiracy affirmed; judgment of sentence for retail theft vacated.