461 A.2d 807

**COMMONWEALTH of Pennsylvania**

v.

**Henry L. LAWSON, Appellant.**

Superior Court of Pennsylvania.

Submitted May 4, 1982.

Filed June 3, 1983.

John F.X. Morley, Jr., Assistant Public Defender, Media, for appellant.

Helen T. Kane, Assistant District Attorney, Media, for Commonwealth, appellee.

Before SPAETH, ROWLEY and CIRILLO, JJ.

SPAETH, Judge:

This is an appeal from judgments of sentence for retail theft, theft by unlawful taking, and criminal conspiracy.[1] Appellant argues: (1) that his convictions were against the evidence and the weight of the evidence; (2) that the trial court erred in admitting appellant's statement into evidence; and (3) that the motion court erred in granting the Commonwealth leave to add to the original charges the charge of theft by unlawful taking. The first two arguments are without merit. On the third argument, however, we hold that when an offense is within both the general statutory provisions against theft by unlawful taking and the specific statutory provisions against retail theft, the offender may be prosecuted only for retail theft. It was therefore error to grant the Commonwealth leave to add the charge of theft by unlawful taking. Accordingly, we vacate the judgments of sentence for theft by unlawful taking, but affirm the

---

1. On appellant's petition for reconsideration of sentence, the lower court suspended the sentence for retail theft. *See, Commonwealth v. Boerner,* 281 Pa.Super. 505, 517, 422 A.2d 583, 589 (1980). This action was a nullity. By the time it was taken, appellant had filed his appeal to this court, thereby depriving the lower court of jurisdiction to resentence him. 42 Pa.C.S.A. § 5505, Pa.R.A.P. 1701; *Commonwealth v. Smith,* 257 Pa.Super. 435, 390 A.2d 1315 (1978).

judgments of sentence for retail theft and criminal conspiracy.

1

The evidence may be summarized as follows. On July 21, 1980, Gail McNeal, a night-time supervisor of the jewelry department of the Strawbridge & Clothier store in Springfield, Pennsylvania, saw appellant and another man, later identified as Victor O'Connor, at one of the jewelry counters without a store attendant assisting them. Because "[t]heir eyes kept moving around like they were looking to see if anybody was watching them," McNeal became suspicious and notified store security. N.T. at 6. Joseph Read, a Springfield Township Police Officer who worked part-time as a Strawbridge & Clothier security detective, responded to McNeal's call. *Id.* at 18. He saw appellant help O'Connor lift the glass top of a jewelry case with a knife-like object, and hold the top open while O'Connor reached in and took out several pieces of jewelry and put them in a brown canvas bag. *Id.* at 23–27. Read alerted another store detective, Martin Wusenic, and proceeded to follow appellant and O'Connor as they left the store. *Id.* 27–28. Appellant and O'Connor split up and ran in different directions. Read and Wusenic caught O'Connor, *id.* at 31 & 62, and took him to the security office. There the bag he had been carrying was found to contain several pieces of jewelry, each with the Strawbridge & Clothier sticker still on it. *Id.* at 32–33. The total value of the jewelry was $11,115. *Id.* at 34. O'Connor told Read his name and address, and described his vehicle as a blue Volkswagen. *Id.* at 36–37. Upon hearing this, Wusenic went out to look for appellant. *Id.* at 66. He found appellant standing by a blue Volkswagen beetle. *Id.* 66–68. When Wusenic called to him, appellant started to run away. Wusenic pursued, identified himself, drew his gun, and ordered appellant to halt. *Id.* at 69. Appellant did halt, and was taken to the security office. *Id.* As Wusenic and appellant entered the office, appellant "made a statement [Wusenic testified] to the O'Connor

subject to the effect that I was going to come back in for you, man." *Id.* at 73.

■ Appellant's argument that his convictions were "against the evidence and the weight of the evidence," Brief for Appellant at 3, 11–12, is without merit. Appellant argues that he could not be convicted because "no jewelry was found on him nor was there an implement useful for committing a crime," and because the evidence "fail[ed] to establish that [he] took possession of, carried away, transferred or caused to be carried away, or transferred" any jewelry. Brief for Appellant at 11. This argument ignores Read's testimony that he saw appellant help O'Connor take the jewelry by holding the jewelry case open. This was sufficient evidence that appellant was O'Connor's accomplice and therefore guilty of O'Connor's offense. *See* 18 Pa.C.S. § 306(b)(3) & (c). *See also Commonwealth v. Bridges,* 475 Pa. 535, 381 A.2d 125 (1977).

## 2

■ Appellant's argument that Wusenic should not have been allowed to testify to what appellant said to O'Connor in the security office ("I was going to come back in for you, man") is also without merit. Appellant now argues that this "was a potentially inculpatory [statement] made beyond the scope of any conspiratorial relationship that might once have existed." Brief for Appellant at 13. We assume from this argument that appellant challenges the statement as hearsay not admissible under the exception allowing proof of statements between co-conspirators during and in furtherance of their conspiracy. At trial, however, defense counsel only objected to Wusenic's characterization of what appellant said to O'Connor as "a statement." The argument now made, that the statement was inadmissible hearsay, has therefore been waived. Pa.R. App.P. 302(a). But in any case, the statement was not hearsay. It was instead a "verbal act," for its utterance was proof of the fact that appellant knew O'Connor. Appellant's knowing O'Connor was a relevant fact because it

tended to prove that appellant and O'Connor had acted together. The truth of the utterance—whether appellant did intend to come back for O'Connor—was not at issue. *See generally* McCormick on Evidence 588–90 (2d ed. E. Cleary 1976).

### 3

Appellant was originally charged with retail theft, receiving stolen goods, criminal attempt, disorderly conduct, and conspiracy. On the Commonwealth's motion, the lower court granted the Commonwealth leave to add the charges of theft by unlawful taking and receiving stolen goods. At trial, the lower court, sitting without a jury, granted a demurrer to the charge of disorderly conduct, but at the conclusion of the evidence, it convicted appellant of the other charges. In announcing its verdict, the court stated that the charges of receiving stolen goods and criminal attempt merged with the theft charges, "So, that in effect, you have been found guilty of Retail Theft and Theft by Unlawful Taking and Criminal Conspiracy the subject of which was in excess of $2000.00." Verdict, n. T. 3. At sentencing, the court imposed a sentence of two to five years in prison, with appellant to make restitution and pay costs "[when he is] in an income earning situation and that matter must be deferred pending the parole status," Sentencing, N.T. 18. This sentence was imposed on each of the three convictions, the three sentences to be served concurrently.[2]

Throughout the proceedings, appellant maintained that he could not be prosecuted, and later, could not be sentenced, for theft by unlawful taking. In the opinion of the lower court, however, he could be prosecuted for both, and could be sentenced for "the more serious of the offenses." Sentencing, N.T. 19.

Whether a defendant may be prosecuted for both retail theft and theft by unlawful taking is an issue that has been

---

2. Later the court attempted to suspend the sentence for retail theft. *See* footnote 1, *supra*.

argued to us before, but we have not decided it for on both occasions it had been waived. *See, Commonwealth v. Boerner,* 281 Pa.Super. 505, 422 A.2d 583 (1981); *Commonwealth v. Williams,* 252 Pa.Super. 587, 384 A.2d 935 (1978). Here, however, the issue has not been waived. Appellant objected to the Commonwealth's motion for leave to add the charge of theft by unlawful taking, and repeated his objection at sentencing and in his post-trial motions.

Theft by unlawful taking of movable property is defined as follows:

A person is guilty of theft if he unlawfully takes, or exercises control over, movable property of another with intent to deprive him thereof.

18 Pa.C.S. § 3921(a).

Retail theft is defined as follows:

—A person is guilty of a retail theft if he:

(1) takes possession of, carries away, transfers or causes to be carried away or transferred, any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use or benefit of such merchandise without paying the full retail value thereof;

(2) alters, transfers or removes any label, price tag marking, indicia of value or any other markings which aid in determining value affixed to any merchandise displayed, held, stored or offered for sale in a store or other retail mercantile establishment and attempts to purchase such merchandise personally or in consort with another at less than the full retail value with the intention of depriving the merchant of the full retail value of such merchandise;

(3) transfers any merchandise displayed, held, stored or offered for sale by any store or other retail mercantile establishment from the container in or on which the same shall be displayed to any other container with intent to deprive the merchant of all or some part of the full retail value thereof; or

(4) under-rings with the intention of depriving the merchant of the full retail value of the merchandise.

18 Pa.C.S. § 3929(a).

For sentencing purposes, theft by unlawful taking is graded as follows:

(a) **Felony of the third degree.**—Theft constitutes a felony of the third degree if the amount involved exceeds $2,000, or if the property stolen is a firearm, automobile, airplane, motorcycle, motorboat or other motor-propelled vehicle, or in the case of theft by receiving stolen property, if the receiver is in the business of buying or selling stolen property.

(b) **Other grades.**—Theft not within subsection (a) of this section, constitutes a misdemeanor of the first degree, except that if the property was not taken from the person or by threat, or in breach of a fiduciary obligation, and:

(1) the amount involved was $50 or more but less than $200 the offense constitutes a misdemeanor of the second degree; or

(2) the amount involved was less than $50 the offense constitutes a misdemeanor of the third degree.

18 Pa.C.S. § 3903(a), (b).

Retail Theft is graded as follows:

(1) Retail theft constitutes A:

(I) Summary offense when the offense is a first offense and the value of the merchandise is less than $150.

(II) Misdemeanor of the second degree when the offense is a second offense and the value of the merchandise is less than $150.

(III) Misdemeanor of the first degree when the offense is a first or second offense and the value of the merchandise is $150 or more.

(IV) Felony of the third degree when the offense is a third or subsequent offense, regardless of the value of the merchandise.

(2) Amounts involved in retail thefts committed pursuant to one scheme or course of conduct, whether from the same store or retail mercantile establishment or several stores or retail mercantile establishments, may be aggregated in determining the grade of the offense.

18 Pa.C.S. § 3929(b).

Thus, here, where the value of the property stolen was some $11,000, appellant's offense was a felony of the third degree, if regarded as theft by unlawful taking, but a misdemeanor of the first degree, if regarded as retail theft.[3]

The conclusion is inescapable that these statutory provisions are in conflict. They prohibit the same conduct, but regarded as theft by unlawful taking, that conduct is a felony of the third degree, punishable by a fine not exceeding $15,000, 18 Pa.C.S. § 1101(2), and by imprisonment for a term not exceeding seven years, 18 Pa.C.S. § 1103(3), while regarded as retail theft, it is a misdemeanor of the first degree, punishable by a fine not exceeding $10,000, 18 Pa.C.S. § 1101(3), and by imprisonment for a term not exceeding five years, 18 Pa.C.S. § 1104(1).

 This conflict, however, is readily resolved. The statutory provisions prohibiting retail theft are specific: they concern only merchandise of a retail establishment. The statutory provisions prohibiting theft by unlawful taking are general: they prohibit theft of any sort of "movable property," from any one or any place. When specific statutory provisions thus irreconcilably conflict with general statutory provisions, the specific provisions must prevail. This rule has been statutorily enacted, 1 Pa.C.S. § 1933, but it is also a rule of case law. Thus in *Commonwealth v. Brown*, 346 Pa. 192, 29 A.2d 793 (1943), the Court said: "It is the policy of the law not to permit prosecutions under the general provisions of a penal code when there are applicable special provisions available." *Id.*, 346 Pa. at 199, 29 A.2d at 796 (footnote omitted). Also: "[G]eneral legislation must

---

**3.** The Commonwealth argues that even regarded as retail theft, appellant's offense is a felony of the third degree. We consider this argument below.

give way to specific legislation on the same subject and ... the general provisions in a law must be interpreted as to embrace only cases to which the special provisions, on the same subject are not applicable." *Id.,* 346 Pa. at 200, 29 A.2d at 797 (citation omitted). *And see Commonwealth v. Bidner,* 282 Pa.Super. 100, 422 A.2d 847 (1981); *Commonwealth v. Buzak,* 197 Pa.Super. 514, 179 A.2d 248 (1962); *Commonwealth v. Litman,* 187 Pa.Super. 537, 144 A.2d 592 (1958). Accordingly, appellant could be prosecuted only for retail theft—only for violating the "applicable special provisions available." It was therefore error for the lower court to grant the Commonwealth leave to prosecute him for theft by unlawful taking.

The Commonwealth argues that we should not apply "the specific/general principle of law" because "both provisions under which appellant was charged are contained within the same chapter of the Crimes Code." Brief for Commonwealth at 14. In support of this argument the Commonwealth cites *Commonwealth v. Belcher,* 233 Pa.Superior Ct. 212, 335 A.2d 505 (1975), where we noted that "various crimes which resemble theft are not to be treated as theft" but separately. *Id.,* 233 Pa.Superior at 217–18 n. 4, 335 A.2d at 507 n. 4. This separate treatment, however, means that we *should* apply, not that we should *refuse* to apply, "the specific/general principle."

■ The Commonwealth next argues that in enacting specific statutory provisions prohibiting retail theft, "the legislature intended to provide for a summary proceeding when the circumstances warranted such treatment." Brief for Commonwealth at 15. No doubt one of the legislature's purposes was to provide a summary proceeding for first offenders, but that was not its only purpose, as is evident from the provisions that retail theft may be a felony of the third degree or a misdemeanor of the first or second degree, depending upon the value of the merchandise stolen and the number of past offenses. Thus it cannot be maintained, as the Commonwealth's argument suggests, that the retail theft provisions are only to be applied when the retail

theft constitutes an offense subject to a summary proceeding.

The Commonwealth next argues that the provision, among the provisions prohibiting retail theft, that "[n]o justice of the peace or other magistrate shall have the power to reduce any other charge of theft to a charge of retail theft ....," 18 Pa.C.S. § 3929(e), "implies that the legislature anticipated that the same facts that give rise to charges under the general theft provisions might also constitute the crime of Retail Theft in certain cases." Brief for Commonwealth at 15. We may assume that the legislature did so anticipate. That in no way suggests that the legislature intended that "the general theft provisions" should prevail over the specific retail theft provisions, in other words, that the legislature intended that we should ignore both the cases and the statutorily enacted rule, which we have cited above, that specific statutory provisions must prevail over general provisions. Indeed, by providing that a charge of theft by unlawful taking may not be reduced to a charge of retail theft, the legislature emphasized its intention to treat retail theft as a separate category of offense, thereby bringing into play the principle that the special retail theft provisions must prevail.

The Commonwealth next argues that "carrying away the expensive items of jewelry demonstrated a degree of professional criminal behavior that was not contemplated by the drafters of the retail theft statute." Brief for Commonwealth at 16. We see no basis for this argument. To the contrary, it is plain that the legislature recognized that retail theft might involve items of considerable value, and might be committed by a "professional criminal." Thus the statute provides that if the stolen merchandise is worth $150.00 or more, the offense is a misdemeanor of the first degree, even if it is a first offense, 18 Pa.C.S. § 3929(b)(1)(III), and that if the offense is a third or subsequent offense, it is a felony of the third degree, 18 Pa.C.S. § 3929(b)(1)(IV).

The Commonwealth's final argument is that appellant's conviction for theft by unlawful taking should not be reversed because appellant is not prejudiced by it. In support of this argument the Commonwealth says that appellant had two prior convictions for retail theft. Therefore, it reasons, "either offense constituted a felony of the third degree." Brief for Commonwealth at 17. This argument is likewise without merit. In the first place, appellant was not charged with retail theft, third offense, and therefore was not, and could not have been, convicted of retail theft as a felony of the third degree, *Commonwealth v. Coleman*, 289 Pa.Super. 221, 433 A.2d 36 (1981); *Commonwealth v. Longo*, 269 Pa.Super. 502, 410 A.2d 368 (1979). But more fundamentally, if appellant had been charged with retail theft, third offense, that could in no way authorize, *i.e.*, cure the impropriety of, his prosecution for and conviction of theft by unlawful taking. Nor was the lower court's order permitting the prosecution harmless error. An improper prosecution and and conviction are not rendered harmless because the consequent sentence is concurrent rather than consecutive. *See, Commonwealth v. Boerner*, *supra* 281 Pa.Super. at 517 n. 13, 422 A.2d at 589 n. 13.

The judgment of sentence for theft by unlawful taking is vacated. The judgments of sentence for retail theft and criminal conspiracy are affirmed.

ROWLEY, J., files a concurring statement.

ROWLEY, Judge, concurring:

I join in the judgment of the Court and in Judge Spaeth's opinion. I do so, however, with the understanding that we are not in any way restricting or limiting the Legislative direction contained in § 3902 of the Crimes Code, 18 Pa.C.S. § 3902, or the statement of this Court in *Commonwealth v. Morin*, 237 Pa.Super. 533, 541–542 n. 3, 352 A.2d 189, 193 n. 3 (1975) that § 3902 of the Code means that a finding that the evidence is insufficient to sustain a conviction of the form of theft charged in the information "would not be fatal to the finding of guilt" where "the record contains

clear and convincing evidence supporting beyond a reasonable doubt" the conclusion that appellant was guilty of conduct that constitutes one of the other forms of theft set forth in Chapter 39 of the Code.