## Commonwealth v. Snyder

*Cynthia Vickers Wilson, assistant district attorney,* for the Commonwealth.
*William Gallagher,* for defendant.

GAWTHROP, *J.*, October 30, 1984—We have before us a motion to have this defendant evaluated under section 18 of the Controlled Substance Drug Device and Cosmetic Act, 35 Pa.C.S. §780-118(a), disposition in lieu of trial or criminal punishment, which pertains to drug dependence and rehabilitation, thereby diverting this case from prosecution upon the criminal charges. 35 Pa.C.S. §780-118(a). The defendant is charged with Driving Under the Influence, 75 Pa.C.S. §3731. This court[1] has taken and continues to take the position that the specific penalties of section 3731 of the Motor Vehicle Code take priority over the more generic provisions of the Drug Act. It is, of course, a fundamental principle of construction that whenever a general provision or statute shall be in conflict with a special provision in the same or another statute, the two should be construed, if possible, so that effect may be given to both; if there is an irreconcilable conflict between the two provisions, the special provisions must prevail and be construed as an exception to the general provision, unless the general provision is enacted later and it is the manifest intention of the General Assembly that such general provision shall prevail. See 1 Pa.C.S. §1933. See also Commonwealth v. Lawrence, 315 Pa. Super. 84, 461 A.2d 807 (1983).

This court does not wish to be medieval in its approach to people who have alcohol problems, but we are enjoined to follow the command of the legislature to the letter, as well as to abide by legislative purpose. We may not disregard the unambiguous letter of a statute under the pretext of pursuing its spirit. 1 Pa.C.S. §1921(b). Considering all the criteria of statutory construction, we conclude that an

---

1. Not only this writer, but the entire Court of Common Pleas of Chester County.

important purpose, a clear legislative intent of section 3731, the Driving Under the Influence statute, is first of all to inflict punishment by imprisonment in a penal institution in order to drive home the gravity of a breach of that statute. Thus, the mandatory prison terms. The section 3731 provision is careful to speak also to ways to afford treatment to one who is convicted of that provision,[2] but that treatment is expressly set forth as being in addition to, and not in lieu of, the penalty provisions. Where certain things are specifically designated in a statute, all omissions should be understood as purposefully excluded. Com. v. Charles, 270 Pa. Super. 280, 411 A.2d 527 (1979). For us to accede even to this preliminary procedural request that defendant be evaluated under section 18 of the Drug Act would be for us to be accomplices to the evisceration and unilateral repeal of a very specific statutory provision, and of thwarting the legislature's proper purpose.[3] This we neither may nor shall do.

For the foregoing reasons we enter the following

## ORDER

And now, this October 30, 1984, defendant's request to proceed under section 18 of the Drug Act is denied.

---

2. See, e.g., 75 Pa.C.S. § 1548(a), which provides that every person convicted of violating section 3731 shall be evaluated to determine the extent of the person's involvement with alcohol or controlled substances, and to assist the court in determining what sentencing, probation, or condition of Acclerated Rehabilitative Disposition would benefit the person or the public.

3. Our interpretation of the legislature's intent is supported by examination of the legislative history of the act, which reveals that attempts to moderate the penalty provisions were repeatedly defeated. See Legislative Journal, November 16, 1982, no. 52 p. 2614-2620.

Counsel for defendant has announced that he deems this a significant, novel issue, and we are inclined to agree. We know of no appellate precedent on point, and we appreciate the importance of this statutory interpretation, not only to defendant who stands to go to jail, but also to those many, many of his class who wish to ascertain from an appellate court a definitive position on this issue. We thus accede to defendant's prayer to certify this matter as one involving a question of law as to which there is a substantial ground for difference of opinion, thereby permitting intermediate interlocutory appeal. See Pa.R.A.P. 1312(a)(2). So ordered.