## Commonwealth v. Settles

*David J. Flower*, assistant district attorney, for the Commonwealth.

*W. H. Beachy, III*, for defendant.

COFFROTH, *P.J.*, April 29, 1985—In this prosecution for driving under the influence of intoxicating liquor, a misdemeanor (Vehicle Code §3731a), and for the summary offense of driving the wrong way (east) on East Main Street (a one-way street going west) in Somerset Borough (Vehicle Code §3308b), defendant pleaded guilty to the charges and defense counsel made an oral application for disposition in lieu of criminal punishment under §118 of The Controlled Substance, Drug, Device and Cosmetic Act of 1972 PL 233, 35 P.S. §780-118, hereinafter called drug act or drug statute. When the application was made, we indicated disapproval of it for want of sufficient justification in light of the assertions that the main reason was to avoid incarceration of defendant so that he could continue helping his mother and aunt in their home. After hearing defense argument, the case was continued on the defense motion in order to give us time to study and decide the matter, which we now do.

Defense counsel has submitted for our consideration a letter report from the medical director of Altoona Hospital Drug and Alcohol Clinic enclosing a

summary of the examination of defendant at the clinic, which states inter alia that:

"Continuing criminal prosecution in Mr. Settles' case will serve no useful purpose and will be detrimental to treatment. I do recommend, however, that his license continue suspended for an indeterminate period."

The following are relevant portions of the enclosed summary:

"Obtaining a drinking history from Walter is difficult. In part this is because he would like to pretend that he does not have a problem."

Walter is 53 years old, divorced and lives with his mother and an aunt in Altoona; "his alcohol abuse is related primarily to a maladjustment reaction."

"It is easy to see how alcohol abuse is a manifestation of his anger and frustration [at his life situation]."

". . . he has come in for visits on at least three occasions when he has been drinking. On two he smelled boozy.

On the third he was intoxicated to the point that talking sensibly was impossible.

"I would feel that alcohol abuse in a more appropriate diagnosis than alcohol dependence. . ." This is defendant's third conviction for DUI; the first was in Blair County in 1974; the next was in Bedford County (about two weeks prior to the instant violation of May 31, 1984), for which defendant was sentenced to jail in Bedford County for the mandatory 48 hour period. For the instant offense, the mandatory minimum is 30 days.

We deny the application for disposition·in lieu of criminal punishment for the following reasons:

(1) Section 118 of the drug statute provides in relevant part that:

"§780-118. Disposition in lieu of trial or criminal punishment"

"(a) If a person charged with a nonviolent crime claims to be drug dependent or a drug abuser and prior to trial he requests appropriate treatment, including but not limited to, admission or commitment under the Mental Health and Mental Retardation Act of 1966 in lieu of criminal prosecution, a physician experienced or trained in the field of drug dependency or drug abuse shall be appointed by the court to examine, if necessary, and to review the accused's record and advise the government attorney, the accused and the court in writing setting forth that for the treatment and rehabilitation of the accused it would be preferable for the criminal charges to be held in abeyance or withdrawn in order to institute treatment for drug dependence or for the criminal charges to be prosecuted. The government attorney shall exercise his discretion whether or not to accept the physician's recommendation.

"(b) In the event that he does not accept the physician's recommendation he shall state in writing and furnish the defendant a copy of his decision and the reasons therefor.

"(c) If the government attorney accepts the physician's advice to hold in abeyance, he shall arrange for a hearing before the appropriate court to hold in abeyance the criminal prosecution. The court, upon its approval, shall proceed to make appropriate arrangements for treatment."

(2) In Commonwealth v. Barchey, 31 Somerset L. J. 318 (1075), we held that: (a) a "drug dependent person" as defined in §2(b) of the statute, 35 P.S. §780-102(b), includes dependence on alcohol; (b) appointment of a physician is mandatory if defendant is charged with a nonviolent offense and

prior to trial "claims to be a drug dependent or drug abuser" and "requests appropriate treatment in lieu of criminal prosecution"; (c) the application must unequivocally aver those requirements; (d) in passing on the application for physician appointment, the court must be satisfied of the truth of the averments as in any judicial matter resting on allegations of fact; (e) a prior offense does not necessarily preclude relief; (f) the appointed physician must be one "experienced or trained in the field of drug dependency or drug abuse" who is associated or connected with an appropriate treatment facility which specializes in the type of dependency or abuse involved; (g) the physician's report must state whether or not "it would be preferable for the criminal charges to be held in abeyance or withdrawn in order to institute treatment for drug dependence or for the criminal charges to be prosecuted", which implies that defendant is drug dependent or a drug abuser, that he will likely benefit from treatment, and that holding prosecution in abeyance will materially aid treatment, and the report must state specifically how nonprosecution is or will be related to treatment and will be counterproductive to treatment; (h) the report must detail the regimen of treatment initially prescribed or recommended, the facility to be used for treatment, and the expected period of time for its continuance; (i) if the physician's report is negative, the prosecution will proceed; (j) if the report is favorable to treatment and nonprosecution, Commonwealth counsel shall exercise his discretion whether or not to accept the recommendation; (k) if Commonwealth counsel decides against acceptance he must state his reasons in writing under §18(b);[1] (1) if Commonwealth

---

1. Whether a decision of nonacceptance is subject to judicial review was not decided in Barchey.

counsel accepts, he shall schedule the application for hearing before the court, following which the court shall approve or disapprove non-prosecution and treatment.

(3) In Commonwealth v. Morway, 32 Somerset L. J. 61 (1976), affirmed on other grounds 261 Pa. Super. 553, 396 A.2d 42 (1978), Barchey was affirmed, and it was further held that: (a) in a hearing on the application, defendant has the burden of persuading the court of the bona fides and truth of his averments, that he is truly a drug dependent person or drug abuser, that his history and disposition not only merits treatment but also merits non-prosecution, and that he is not utilizing the procedure merely to escape responsibility for criminal conduct; and (b) ordinarily there must be evidence that the applicant acknowledges his condition and took serious steps to cure it before the criminal conduct in issue occurred.

(4) Although not expressly so stated in the statute, the case law requirements clearly presuppose that a written or formal application on the record be filed containing the requisite averments under oath by the applicant. No such application has been filed here, nor did defendant make the necessary sworn assertions in the record. Hence defendant pleads no valid claim or cause of action within the requirements of the statute to warrant the relief requested.

(5) Although a physician's report has been presented, no physician appointment was made on proper averments as required.

(6) Commonwealth counsel has not unequivocally accepted the medical report. At the hearing he stated ". . . I don't object . . ." to the application. The language of the statute is plain and mandatory: "The government attorney shall exercise his discretion whether or not to accept the physician's recom-

mendation". The statute does not merely entitle the Commonwealth to not object to the recommendation, it entitles the court to know whether the Commonwealth approves it, in the public interest. The matter is of too great importance to permit the Commonwealth to be non-committal.

(7) Under the terms of the physician's report, defendant is not alcohol dependent, but is an alcohol abuser. Thus he does not qualify under the statute for the relief sought. Although the program is available to both the drug dependent person and the drug abuser, and the drug dependent person is defined as "a person who is using a drug, controlled substance or alcohol", there is nothing in the statute defining a drug abuser as a consumer of alcohol; on the contrary, §102 defines "drug" and "drug dependent person" as follows:

"Drug" means: (i) substances recognized in the official United States Pharmacopeia, or official National Formulary, or any supplement to either of them; and (ii) substances intended for use in the diagnosis, cure, mitigation, treatment or prevention of disease in man or other animals; and (iii) substances (other than food) intended to affect the structure or any function of the human body or other animal body; and (iv) substances intended for use as a component of any article specified in clause (i), (ii) or (iii), but not including devices or their components, parts or accessories.

"Drug dependent person" means a person who is using a drug, controlled substance or alcohol, and who is in a state of psychic or physical dependence, or both, arising from administration of that drug, controlled substances or alcohol on a continuing basis. Such dependence is characterized by behavioral and other responses which include a strong compulsion to take the drug, controlled substance or al-

cohol on a continuous basis in order to experience its psychic effects, or to avoid the discomfort of its absence. This definition shall include those persons commonly known as "drug addicts."

Controlled substance is defined as a drug or substance "included in Schedules I through V of this Act" (35 P.S. §780-104). Neither of those definitions includes alcohol. Hence, an alcohol abuser is not a "drug abuser" under the act; and the person who is an alcohol user or abuser can come within the act only if he is alcohol dependent. Here, the physician's report expressly classifies defendant as an alcohol abuser and negates alcohol dependency. Hence defendant does not qualify for relief under the act.

(8) The medical report does not detail the initial treatment prescribed; more important, the recommendation of nonprosecution is conclusory only and details no facts demonstrating that nonprosecution would be actually detrimental to treatment. Although defendant needs treatment, it can be afforded without dispensing with criminal punishment. Indeed, our experience is that criminal punishment is most often a helpful adjunct to medical treatment in such cases.

(9) On the whole record, we are satisfied and find that this application is being used merely to avoid the mandated criminal punishment for a second recent offense of DUI and the application must therefore be denied on its merits apart from the other above-noted deficiencies.

(10) Finally, and of primary importance, the provisions of the drug act are so manifestly inconsistent with the 1982 amendments to §3731 of the Vehicle Code mandating specific punishments for DUI offenses, indeed are so plainly destructive of the strong public policy underlying those amendments,

as to require the conclusion that the latter impliedly repeal the former pro tanto. That is the conclusion reached by the Chester County Court Judges as reported in Commonwealth v. Snyder, 33 Chester 58 (1984), where Judge Gawthrop speaking for all of the judges of his court, said (pages 59-60):

"We have before us a Motion to have this defendant evaluated under Section 18 of the Controlled Substance Drug Device and Cosmetic Act, 35 Pa. C.S. §780-118(a), Disposition in lieu of trial or criminal punishment, which pertains to drug dependence and rehabilitation, thereby diverting this case from prosecution upon the criminal charges, 35 Pa. C.S. §780-118(a). The defendant is charged with Driving Under the Influence, 75 Pa. C.S. §3731. This court has taken and continues to take the position that the specific penalties of section 3731 of the Motor Vehicle Code take priority over the more generic provisions of the Drug Act. It is, of course, a fundamental principle of construction that whenever a general provision or statute shall be in conflict with a special provision in the same or another statute, the two should be construed, if possible, so that effect may be given to both; if there is an irreconcilable conflict between the two provisions, the special provisions must prevail and be construed as an exception to the general provision, unless the general provision is enacted later and it is the manifest intention of the General Assembly that such general provision shall prevail. See: I Pa. C.S. §1933. See also: Commonwealth v. Lawrence, 315 Pa. Super. 84, 461 A.2d 807 (1983).

"This Court does not wish to be medieval in its approach to people who have alcohol problems but we are enjoined to follow the command of the legislature to the letter, as well as abide by legislative purpose. We may not disregard the unambiguous letter

of a statute under the pretext of pursuing its spirit. 1 Pa. C.S. §1921(b). Considering all the criteria of statutory construction, we conclude that an important purpose, a clear legislative intent of section 3731, the Driving Under the Influence statute, is first of all to inflict punishment by imprisonment in a penal institution in order to drive home the gravity of a breach of that statute. Thus, the mandatory prison terms. The section 3731 provision is careful to speak also to ways to afford treatment to one who is convicted of that provision, but that treatment is expressly set forth as being in addition to, and not in lieu of, the penalty provisions. Where certain things are specifically designated in a statute all omissions should be understood as purposefully excluded. Commonwealth v. Charles, 270 Pa. Super. 280, 411 A. 2d 527 (1979). For us to accede even to this preliminary procedural request that the defendant be evaluated under section 18 of the Drug Act would be for us to be accomplices to the evisceration and unilateral repeal of a very specific statutory provision, and of thwarting the legislature's proper purpose. This we neither may nor shall do."[2]
We concur with that view.

## ORDER

Now, April 29, 1985, defendant's application for disposition in lieu of criminal punishment is denied. The case shall be placed on the next Criminal Sentencing Schedule.

---

2. The court also certified the case as involving a question of law as to which there is a substantial ground for difference of opinion, thereby permitting intermediate interlocutory appeal under Appellate Rule 1312(a)(2), and the Editor's Note to the opinion states that an appeal to the Superior Court was filed November 28, 1984.